IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SABINSA CORPORATION,

        Plaintiff,

  v.

HERBAKRAFT, INC. and
PRAKRUTI PRODUCTS PVT. LTD.,

        Defendants.

Civil Action No. No. 2:14-cv-04738-UNA

**Motion Day: November 21, 2016**

(Document Filed Electronically)



(Oral Argument Requested)

**PLAINTIFF SABINSA CORPORATION'S BRIEF IN SUPPORT OF ITS MOTION TO REOPEN ACTION FOR PURPOSES OF ENFORCING SETTLEMENT AGREEMENT**

Sean R. Kelly (skelly@saiber.com)
Katherine A. Escanlar (kescanlar@saiber.com)
**SAIBER LLC**
18 Columbia Turnpike, Suite 200
Florham Park, NJ 07932
Telephone: (973) 622-3333

James H. Hulme (James.Hulme@arentfox.com)
Richard J. Berman (Richard.Berman@arentfox.com)
Taniel E. Anderson (Taniel.Anderson@arentfox.com)
Ahmed Abdel-Rahman (Ahmed.Abdel-Rahman@arentfox.com)
Alton L. Hare (Alton.Hare@arentfox.com)
**ARENT FOX LLP**
1717 K Street, N.W.
Washington, DC 20006
Telephone: (202) 857-6000

*Attorneys for Plaintiff Sabinsa Corporation*

**TABLE OF CONTENTS**

Page

I. INTRODUCTION .................................................................................................. 1

II. FACTUAL AND PROCEDURAL BACKGROUND........................................... 1

III. LEGAL STANDARD............................................................................................ 2

IV. ARGUMENT ......................................................................................................... 3

    A. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is an "Accused Product" under the Settlement Agreement. ........................................... 3

    B. Prakruti owes over $55 million ▮▮▮▮▮▮▮▮▮▮. .......................................... 5

    C. Prakruti's interpretation of "Accused Product" makes no sense. .......................... 6

V. CONCLUSION...................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Honeywell v. Bubb*,
  130 N.J. Super. 130 (App. Div. 1974) ...................................................................................2

*Kelly v. Greer*,
  365 F.2d 669 (3d Cir. 1966)...................................................................................................2

*Nolan v. Lee Ho*,
  120 N.J. 465 (1990) ...............................................................................................................3

*Tenn. Gas Pipeline Co. v. F.E.R.C.*,
  17 F.3d 98 (5th Cir. 1994) .....................................................................................................6

*Vanderbeek v. Barefoot*,
  226 F. App'x 209 (3d Cir. 2007) ...........................................................................................5

*Wasserman's Inc. v. Twp. of Middletown*,
  137 N.J. 238, 645 A.2d 100 (1994).......................................................................................5

I.  **INTRODUCTION**

Despite entering a Settlement Agreement ███████████████████████████ ██████, Prakruti, an Indian-based company, continues to ████████████████████████. This is a blatant breach of the Settlement Agreement. Accordingly, Prakruti must pay Sabinsa over $55 million ████████████████. For the reasons discussed below, Sabinsa's Motion should be granted.

II.  **FACTUAL AND PROCEDURAL BACKGROUND**

Sabinsa sued Prakruti in 2014, alleging willful infringement of U.S. Patent No. 5,861,415 ("the '415 patent"). *See* ECF No. 1.[1] On January 7, 2015, the parties entered into a Settlement Agreement. *See* Hare Decl., Ex. A.

In the Settlement Agreement, Sabinsa promised to █████████████████████ ████████████████████████████████████████████████████████████████████████████ █████

   ████████████████████████████████████████████████████

      ████████████████████████████████████████

      ████████████████████████████

      ████████████████████████████████████████

      █████

      ████████████████████████████████████████████████

      ████████████████████████████████████████████████

      ████████████████████████████████████████████

      █████

---

[1] Sabinsa filed an Amended Complaint, correcting a typographical error, on September 5, 2014. ECF No. 11.



Believing that the dispute had been amicably resolved and its patent was going to be respected, Sabinsa signed the Settlement Agreement, and shortly thereafter the Court entered a Final Consent Judgment disposing of "all claims and counterclaims . . . subject to the Court's continuing jurisdiction to enforce and oversee the requirements contained in this Consent Judgment and the Agreement." ECF No. 34 ¶ 10; *see also id.*, ¶ 9 ("Sabinsa and Prakruti stipulate that in the event either of them initiates proceedings in this Court to enforce this Consent Judgment, they will submit to the jurisdiction of this Court.").

Now, two years later, Sabinsa has recently discovered that Prakruti completely ignored the Settlement Agreement. Instead of ███████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████ In response to this brazen breach of the settlement terms, Sabinsa sent a letter to Prakruti's counsel demanding payment of $55,920,000 ███ ███████████. *See* Hare Decl., Ex. B. Prakruti rejected Sabinsa's request, thereby compelling Sabinsa to file this motion.

### III.  LEGAL STANDARD

Federal courts have the inherent power to enforce settlement agreements. *See Kelly v. Greer*, 365 F.2d 669, 671 (3d Cir. 1966) (collecting cases). Indeed, there is a strong public policy favoring settlement, and requiring parties to honor settlement agreements. *See Honeywell*

2

*v. Bubb*, 130 N.J. Super. 130, 135–36 (App. Div. 1974) ("Embedded in our jurisprudence is the principle that the settlement of litigation ranks high in our public policy . . . . Thus, barring fraud or other compelling circumstances, our courts strongly favor the policy that the settlement of litigation be attained and agreements thereby reached, be honored."); *Nolan v. Lee Ho*, 120 N.J. 465, 472 (1990).[2]  In accordance with this strong public policy, we respectfully request that the settlement agreement voluntarily entered into by the parties be honored and that this Court exercise its inherent power to enforce it.

IV. **ARGUMENT**

    A. **Prakruti's ▮▮▮▮▮ product is an "Accused Product" under the Settlement Agreement.**



▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

In 2014, Sabinsa accused the following Prakruti product of patent infringement: "'Curcuma longa (Turmeric).'"  ECF No. 11, ¶ 17 (citing Exhibit D to the Complaint, reproduced in part below):



The Exhibit to the Complaint refers to the botanical name, "Curcuma longa," followed by the common name in parentheses, "(Turmeric)," and a specification of "95%."  ECF No. 1-4 at 2–3.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬



4



**B. Prakruti owes over $55 million** ▮.

Here, Prakruti breached the Agreement ▮ Therefore, Prakruti must pay Sabinsa over $55.92 million ▮.

Left unchecked, Prakruti's willful breach of the Settlement Agreement will set an undesirable precedent that allows patent infringers to escape

liability by simply signing any agreement to end a lawsuit with no intention of complying.

### C. Prakruti's interpretation of "Accused Product" makes no sense.

Unwilling to pay ███████████████████████████ or even entertain an amicable resolution to the breach of the Settlement Agreement, Prakruti tries to contort the Settlement Agreement to avoid liability. In doing so, Prakruti effectively rewrites the Settlement Agreement to make it toothless and meaningless. *See* Hare Decl. Ex. D at 1; Hare Decl. Ex. E at 1.

First, Prakruti argues that ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ This is illogical.

Under Prakruti's proposal, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Courts routinely reject such strained interpretations. *See Tenn. Gas Pipeline Co. v. F.E.R.C.*, 17 F.3d 98, 104 (5th Cir. 1994) (rejecting construction that violated the "elementary rules of contract interpretation which require courts to give meaning to each term, phrase, and provision of a contract").

Second, Prakruti's tortured reading also ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

6



Therefore, Prakruti's interpretation of "Accused Products" should be rejected.

## V. CONCLUSION

For the foregoing reasons, Sabinsa respectfully requests that the Court grant its Motion and order Prakruti to pay $55,920,000 ███████████████.

8

| | |
|---|---|
| Date:   October 28, 2016 | Respectfully submitted, |
| | |
| OF COUNSEL: | */s/ Sean R. Kelly* |
| James H. Hulme | Sean R. Kelly |
| Richard J. Berman | Katherine A. Escanlar |
| Taniel E. Anderson | **SAIBER LLC** |
| Ahmed Abdel-Rahman | 18 Columbia Turnpike |
| Alton L. Hare | Suite 200 |
| **ARENT FOX LLP** | Florham Park, NJ 07932 |
| 1717 K Street, NW | (973) 622-3333 |
| Washington, DC 20006 | skelly@saiber.com |
| (202) 857-6000 | kescanlar@saiber.com |
| james.hulme@arentfox.com | |
| richard.berman@arentfox.com | *Attorneys for Plaintiff Sabinsa Corporation* |
| taniel.anderson@arentfox.com | |
| ahmed.abdel-rahman@arentfox.com | |
| alton.hare@arentfox.com | |