THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____ :
: 
SABINSA CORPORATION, : Civil Action No: 1:14-cv-04738 RBK-KMW
:
*Plaintiff*, :
v. : OPINION
:
HERBAKRAFT, INC., and :
:
PRAKRUTI PRODUCTS PVT. LTD. , :
:
*Defendants*. :
_____ :

**KUGLER**, United States District Judge:

Plaintiff Sabinsa Corporation ("Sabinsa") filed a Motion to Reopen Action and Enforce Settlement (Doc. 38) ("this Motion") of an agreement (Doc. 39-2) ("the Agreement") executed on 7 January 2015 with Defendant Prakruti Products ("Prakruti") settling a patent infringement action. Sabinsa contends that, by selling certain products to third parties, Prakuti has breached the Agreement, and seeks liquidated damages under the Agreement and enforcement of payment.

Sabinsa argues that Prakruti's breach arises because proper interpretation of the term "Accused Product" as defined in the Agreement encompasses Prakruti's Current Product and therefore sales of the Current Product justify enforcement of the liquidated damages provision.

In the alternative, Sabinsa requests limited discovery to determine the similarity between Prakruti's Current Product compared with its Accused Product.

For the reasons set forth below, Sabinsa's Motion to Reopen Action and Enforce Settlement is **GRANTED** in part for the purpose of conducting limited discovery to determine if Prakruti has breached the Agreement and **DENIED** in part for the purpose of enforcing the Agreement before such limited discovery.

1.0     **Facts and Background:**

In March 2014, Sabinsa sued Defendants (hereinafter "Prakruti") in this court ( Doc. 1)  ("the patent action"), alleging that a Prakuti product infringed U.S. Pat. No. 5,861,415 ("the '415 patent"), which has 17 claims that relate to curcuminoids, components found in turmeric rhizomes.  Claims 1 – 16 recite certain methods, including methods of isolating curcuminoids from turmeric rhizomes and methods of administering curcuminoid compounds.  Only claim 17 recites a composition that comprises defined amounts of different curcumin compounds prepared by a defined process, and is therefore a product-by-process claim.

On 7 January 2015, the parties executed the Agreement by which the parties contracted, among other things, that:  Sabinsa would not sue Prakruti for any sales of Accused Products before the Agreement execution date in exchange for which Prakruti would sell only to Sabinsa any of its Accused Products until after the patent's expiration.  Prakruti agreed to immediately cease all sales worldwide of Accused Products to any entity other than Sabinsa.  Also, in ¶5 of the Agreement, Prakruti admitted that the '415 Patent was valid and enforceable.

The Agreement at ¶1.6 expressly defines Accused Product(s) as "any product(s) derived from the Curcuma longa plant that contains curcuminoid compositions/products as enabled, described and claimed in the '415 Patent, including such *Curcuma longa* (Turmeric) product offered for sale by Prakruti".  In addition, the Agreement provides at ¶3.3 a "liquidated damage penalty" in the amount of ten thousand U.S. dollars ($10,000.00) for each kilogram of Accused Product that Prakruti sells or offers after the Agreement execution date.

On 20 March 2015, this court entered a final consent judgment (Doc.  37) in which the parties stipulated to, among other things, that this court has jurisdiction over issues related to the patent action, and thus, continuing jurisdiction over the Agreement.

On 28 October 2016, Sabinsa filed this Motion (Docs. 38-39), contending Prakruti breached the Agreement by selling to third parties (not Sabinsa) over 5,000 kilograms of the Accused Product after the Agreement execution date and calculating that Prakruti owes almost $56 million dollars in liquidated damages under the Agreement.   Sabinsa's primary contention was that resolution of this motion entailed, not patent infringement issues, but only contract interpretation.  Accordingly, Sabinsa offered little discussion of how Prakruti's current sales infringed the claims of the '415 patent.

 On 5 December 2016, Prakruti replied (Doc. 54), asserting that Prakruti's Current Product sold to third parties cannot be the same as the Accused Product since the Current Product was not made by all the steps of claim 17, the sole product by process claim.  Therefore, the Current Product could not

and did not breach the Agreement. Prakruti also argues in the alternative that even if these sales were deemed to violate the Agreement, the liquidated damages provision is unenforceable. Included are the Declaration of M.R. Shetty, the Chairman of Prakruti, and Exhibits that detail the steps of Prakruti's various manufacturing processes before and after the Agreement execution date.

On 12 December 2016, Sabinsa answered (Doc. 57), asserting that the Agreement precludes Prakruti from selling the same products it sold before as well as products that fall within any of the 17 claims of the '415 Patent. Sabinsa argues Prakruti's change of extraction solvent (from ethyl acetate to ethyl alcohol) to make the Current Product(and so as to design around claim 17) cannot avoid infringement as step b of claim 17 recites "a solvent" and not any particular solvents.

In addressing Prakruti's argument of the unreasonableness of the liquidated damages provision, Sabinsa emphasizes ¶9.3 of the Agreement, which states the parties represent herein that each fully understood the terms of the Agreement and each believes it is a fair and reasonable resolution of the patent infringement issues. Sabinsa also sought limited discovery from Prakruti, if the court could not determine whether Prakruti's Current Product is the same as the Accused Product,

On 16 December 2016, Prakruti requested under Local Rule 7.1(d) (6) leave to file a sur-reply because Sabinsa's response had raised for the first time patent infringement issues, which Prakruti wanted to rebut.[1] In its sur-reply (Docs. 61-62), Prakruti's asserts its change of solvent is not, as Sabinsa argues, the design-around element that avoids infringement of claims 17 but that non-infringement of claim 17 depends on its non-practice of all steps in that product by process claim.

**2.0     Issue**

The issue here is whether the Current Product that Prakruti sells to third parties after the Agreement execution date is within/outside the definition of Accused Product, as defined in the Agreement and intended by the parties.

**3.0     Discussion**

The court acknowledges its jurisdiction over this matter. Thompson v City of Atlantic City, 190 N.J. 359, 379 (2007) citing Kokkonen v. Guardian Life Ins. Co. of Am.., 511 U.S. 375, 378-382, 114 S.Ct. 1673, 1675-1677, 128 L.Ed. 391, 397-398 makes clear that ¶2 of the Final Consent Judgment (Doc. 36-1) and ¶6 of

---

[1] In the Order accompanying this Opinion, this court has granted Prakruti's request to file a sur-reply and has considered Prakruti's arguments therein.

the Agreement gave this court continuing jurisdiction over the infringement action and the Agreement, respectively.

As a form of contract, a settlement agreement and allegations of its breach are governed by New Jersey contract law. Pascarella v. Bruck, 190 N.J. Super. 118, 124-125, 462 A.2d 186 (App.Div.1983); Natale v. E. Coast Salon Servs., Inc., Civ. A. No. 13–1254 (NLH), 2016 WL 659722, at *2, *3 (D.N.J. Feb. 17, 2016); Payer v. Berrones, Civ. A. No. 12–1704 (RMB), 2015 WL 4715953, at *2 (D.N.J. Aug. 7, 2015); Thorner v. Sony Computer Entm't Am. LLC, Civ. A. No. 09–1894 (MLC), 2013 WL 1145200, at *4 (D.N.J. Mar. 18, 2013); See Plymouth Mut. Life Ins. Co. v. Illinois Mid–continent Life Ins. Co., 378 F.2d 389, 391 (3d Cir. 1967).

Whether Prakruti has breached the Agreement depends on an analysis of whether the Current Product falls within the Agreement's definition of Accused Product, which reads: "Accused Product(s)" means any product(s) derived from the Curcuma longa plant that contains curcuminoids composition/product as enabled, described, and claimed by the '415 Patent, including such *Curcuma longa* (Turmeric) product offered for sale by Prakruti.

On its face, this definition has two separate prongs: 1) curcuminoid-containing products claimed by the '415 patent; and 2) such Curcuma longa (turmeric) product offered for sale by Prakruti.

The parties' submissions have discussed in detail prong 1, whether and how Current Product avoids/infringes the claims of the '415 patent. The parties have not clarified prong 2, and specifically, whether and how the Current Product is the same as/different from the defined *Curcuma longa* (Turmeric) product that had been sold by Prakruti before the execution of the Agreement.

In different terms, what is needed is a demonstration of: (1) how Prakruti Current Product sold to third parties specifically compares with prong 2 of the Accused Product definition, as intended by the parties at the execution of the Agreement; (2) how Prakruti's Current Product falls within or outside the Accused Product definition, again as intended by the parties at the time of the execution of the Agreement; and (3) how the limited discovery granted herein has achieved this demonstration.

The court therefore grants plaintiff's request for discovery of information held by or available to defendants, limited to demonstrating the above three points and tailored to achieving such demonstration.

Dated: 6/27/2017  s/ Robert B. Kugler  
ROBERT B. KUGLER  
United State District Judge