IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| SABINSA CORPORATION, | : | Civil No. 14-4738 (RBK/KMW) |
| Plaintiff, | : | **Opinion** |
| v. | : | |
| HERBAKRAFT, INC., et al., | : | |
| Defendant(s). | : | |

**KUGLER**, United State District Judge:

This matter comes before the Court on Plaintiff Sabinsa Corporation ("Sabinsa") and Defendant Prakruti Products Pvt. Ltd.'s ("Prakruti") Joint Motion to Seal (Doc. No. 71). For the reasons expressed below, the Motion is **GRANTED**.

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Court provided a more detailed recital of the facts in its June 27, 2017 Opinion granting in part and denying in part Sabinsa's Motion to Reopen Action and Enforce Settlement Agreement ("Opinion"). *Sabinsa v. Herbakraft, Inc.*, No. 14-CV-04738 (RBK/KMW), 2017 WL 2784419 (D.N.J. June 27, 2017). Therefore, the Court will only provide a brief summary sufficient to resolve the instant motion.

Sabinsa brought a patent infringement case against Prakruti on July 30, 2014 (Doc. No. 1). The parties eventually entered into a Settlement Agreement on January 7, 2015, and the Court approved the Final Consent Judgment on March 9, 2015 (Doc. No. 34). On October 28, 2016, Sabinsa field a Motion to Reopen Action and Enforce Settlement Agreement (Doc. No. 38). In response to the Motion, Prakruti requested leave to file a sur reply on December 16, 2016 (Doc.

Nos. 61, 62), and Sabinsa submitted a letter opposing the request on December 19, 2016 (Doc. No. 64). Both documents contained references to provisions of the Settlement Agreement and process of manufacturing used by Prakruti, and the parties filed a Joint Motion to Seal those portions on January 3, 2017 (Doc. No. 71).

## II. LEGAL STANDARD

Filed materials and judicial proceedings are subject to a presumptive right of public access. *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993). In this District, Local Civil Rule 5.3(c) governs all motions to seal or otherwise restrict public access to judicial proceedings and materials filed with the Court. In order to place a docket entry under seal, the motion to seal must be publicly filed and describe: "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c)(2). To establish a clearly defined and serious injury, a party must provide a "particularized showing" that is more than "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (citations omitted).

## III. DISCUSSION

The parties seek to seal references to the Settlement Agreement. It is long established that "the court's approval of a settlement or action on a motion are matters which the public has the right to know about and evaluate." *Enprotech Corp. v. Renda*, 983 F.2d 17, 20 (3d Cir. 1993) (citations omitted). A settlement document is a judicial record and subject to a presumptive right of access "(1) when a settlement is filed with a district court; and (2) when the parties seek interpretative assistance from the court or otherwise move to enforce a settlement provision."

*LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 220 (3d Cir. 2011) (citations omitted). In *LEAP Sys.*, the court found a right of public access to a transcript containing settlement terms because the transcript was placed on the docket and the court retained jurisdiction to interpret and enforce the agreements. *Id.* at 220–21. In the present matter, the Final Consent Judgment provides the Court jurisdiction over the parties in the case of a dispute, including the authority to enforce and oversee the provisions. Final Consent Judgment at 3, *Sabinsa*, 2017 WL 2784419 (D.N.J. Mar. 9, 2015). Furthermore, Sabinsa quite clearly sought to enforce the settlement by moving to reopen the case. Thus, factor (a) tilts against granting the motion to seal. The remaining factors, however, favor sealing excerpts from the Settlement Agreement. The parties have in interest in maintaining the confidentiality of the terms, as they had agreed during settlement negotiations. Furthermore, the parties contend that disclosure would advantage their competitors in a marketplace that is highly competitive, and they would thus suffer a clearly defined and serious injury. Lastly, the Motion is to seal only the specific parts of the sur reply and letter that reference provisions from the Agreement, which is the least restrictive option.

The parties also move to seal portions of the sur reply and letter that discuss Prakruti's confidential business information. The Court finds that these sections describe, in much detail, how Prakruti manufactures its products; therefore, Prakruti clearly has a business interest in maintaining the secrecy of this information, and its disclosure would give competitors an unfair advantage. Furthermore, the parties request that only relevant portions of the sur reply and letter be sealed. Thus, the Court is satisfied that the parties have demonstrated the requirements to seal the documents and grants the Motion to Seal.

## IV. CONCLUSION

For the foregoing reasons, the Motion to Seal is **GRANTED**.

Dated:   8/4/2017                                          s/ Robert B. Kugler

ROBERT B. KUGLER

United State District Judge