# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SABINSA CORPORATION,<br><br>            Plaintiff,<br><br>   v.<br><br>HERBAKRAFT, INC. and<br>PRAKRUTI PRODUCTS PVT. LTD.,<br><br>            Defendants. | C.A. No. 1:14-cv-04738-RBK-KMW<br><br>**Motion Day:  September 18, 2017**<br><br>(Document Filed Electronically) |

## PLAINTIFF SABINSA CORPORATION'S RESPONSE TO MOTION OF COUNSEL TO WITHDRAW APPEARANCES ON BEHALF OF DEFENDANT PRAKRUTI PRODUCTS PVT. LTD.

Sean R. Kelly (skelly@saiber.com)
Katherine A. Escanlar (kescanlar@saiber.com)
**SAIBER LLC**
18 Columbia Turnpike, Suite 200
Florham Park, NJ 07932
Telephone: (973) 622-3333

OF COUNSEL:
James H. Hulme (james.hulme@arentfox.com)
Richard J. Berman (richard.berman@arentfox.com)
Taniel E. Anderson (taniel.anderson@arentfox.com)
Jake Christensen (jake.christensen@arentfox.com)
**ARENT FOX LLP**
1717 K Street, NW
Washington, DC 20006
Telephone: (202) 857-6000

*Attorneys for Plaintiff Sabinsa Corporation*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii
I.   INTRODUCTION ........................................................................................................... 1
II.  BACKGROUND ............................................................................................................. 2
III. ARGUMENT ................................................................................................................... 4
IV.  CONCLUSION ................................................................................................................ 6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Haines v. Liggett Group, Inc.*,
    814 F. Supp. 414 (D.N.J. 1993) ................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 1 ..............................................................................................................................6

New Jersey Rules of Professional Conduct § 1.16 ....................................................................1, 4

Plaintiff Sabinsa Corporation ("Sabinsa") submits this brief in response to Hill Wallack, LLP's and Amin Talati Upadhye LLP's Motion of Counsel for Leave to Withdraw Appearances on Behalf of Defendant Prakruti Products Pvt. Ltd. ("Motion to Withdraw"). *See* ECF No. 86.

## I.  **INTRODUCTION**

This is the ***third time*** in this case that Prakruti has hired and fired its attorneys. First, it hired Fox Rothschild LLP, who moved to withdraw after less than three months. *See* ECF Nos. 15–17, 20. Then, it hired Louis H. Miron, Attorney at Law, who also withdrew. *See* ECF Nos. 28, 51. Finally, it hired Hill Wallack, LLP and Amin Talati Upadhye LLP, who now want to withdraw for the same reason Fox Rothschild LLP wanted to withdraw—"the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement." NJRPC § 1.16(b)(4); *see also* ECF Nos. 20-1, 51–53, 56, 86.

While Sabinsa is resigned to this latest withdrawal, it respectfully requests that the following conditions be imposed to move this case forward without any further delay or prejudice to Sabinsa: (1) Hill Wallack, LLP and Amin Talati Upadhye LLP will continue to meet their obligations and upcoming deadlines until Prakruti's replacement counsel are appropriately admitted and have entered an appearance; (2) Prakruti's new counsel[1] will file an application for *pro hac vice* admission and local counsel will file a notice of appearance no later than the September 18, 2017 Motion Day;[2] (3) Prakruti will not seek any extensions of the deadline for fact discovery (October 31, 2017) or the agreed-upon deadline for completion of document

---

[1] On September 1, 2017, the law firm of Davidson, Berquist, Jackson & Gowdey, LLP contacted Sabinsa's counsel via e-mail claiming to represent Prakruti, but Sabinsa has received no notice that the firm has filed an application for *pro hac vice* admission or that new local counsel has filed a notice of appearance in this matter.

[2] This is nearly four weeks after Prakruti's "Counsel sent Prakruti its letter indicating the necessity for withdrawal." ECF No. 86-1 at 2. This is ample time because it has already retained new counsel, Davidson, Berquist, Jackson & Gowdey, LLP.

1

production (September 7, 2017); and (4) if Prakruti's new counsel fails to file an application for *pro hac vice* admission or its new local counsel fails to file a notice of appearance by the September 18, 2017 Motion Day, the Court will enter final judgment in favor of Sabinsa.

## II. BACKGROUND

The relevant procedural history and factual background are largely set forth in the motion to withdraw. *See* ECF No. 86-1, at 1–2.[3] Sabinsa offers the following additions.

This is not the first time that Sabinsa has had to deal with foreign defendants who fire their counsel. In *Sabinsa Corp. v. Nutribiolink LLC & Olive Lifescience Pvt. Ltd.*, No. 1:14-cv-04739-JBS-KMW (D.N.J.), defense counsel filed a motion to withdraw because the defendant "discharged Fox Rothschild LLP from representation." *Id.*, ECF No. 93. This Court denied that motion. *See id.*, ECF No. 110. A month later, Fox Rothschild LLP was allowed to withdraw, but only after the defendant's executive representative assured the Court that replacement counsel would be hired. Instead of hiring counsel, the defendant offered an excuse and got a new, three-month extension to find counsel. *See id.*, ECF Nos. 118, 120. Finally, after multiple delays, excuses, and extensions lasting a total of **eight months**, Sabinsa obtained an entry of default. *See id.*, ECF No. 124. And later, the Court granted a default judgment of over $2.2 million. *See id.*, ECF Nos. 131, 134.

The same pattern is apparent here. Prakruti is now on its fourth set of lawyers.

The Court has already entered a Final Consent Judgment in this case. *See* ECF No. 34. The sole issue before the Court is whether Prakruti is liable for liquidated or other damages for violating that Final Consent Judgment and the related Settlement Agreement. *See* ECF Nos. 38, 39. The Court ordered limited discovery of Prakruti on this issue. *See* ECF Nos. 75, 76. Fact

---

[3] The Final Consent Judgment was entered by this Court on March 9, 2015, not March 20, 2015. *See* ECF No. 34.

discovery closes on October 31, 2017. *See* ECF No. 82, ¶ 1.

Sabinsa served discovery requests (requests for documents and deposition notices) three days after the Court granted limited discovery. *See* ECF No. 76. Prakruti objected on August 2, 2017, but has not yet produced *any* documents. Prakruti's counsel agreed that all responsive documents would be produced by either September 7th (if there was no rolling production) or September 12th (if there was a rolling production). Sabinsa served interrogatories on July 28, 2017, with a response deadline of August 28, 2017. On the response deadline, Prakruti's counsel asked for a lengthy extension. Sabinsa agreed to a 10-day extension, but received no reply.

Before the motion to withdraw, the parties were negotiating discovery disputes and the location of depositions (Sabinsa requested US-based depositions; Prakruti offered its witnesses in India). Depositions in India require a lengthy and bureaucratic authorization procedure under the Hague Convention that involves permission from the Indian Central Authority. After admitting that its witnesses can fly to the US for depositions, it does not appear that Prakruti has completed any of the Hague formalities.

In short, discovery has grinded to a halt.

On August 4, 2017, Prakruti's counsel sent a settlement proposal to Sabinsa's counsel. Sabinsa responded with a counteroffer on August 16, 2017. Prakruti's counsel asked for an extension to respond but offered nothing by the extended deadline.

Finally, on the eve of the deadline for Sabinsa's response to this motion, the law firm of Davidson, Berquist, Jackson & Gowdey, LLP contacted Sabinsa's counsel claiming it had been retained to represent Prakruti, but was still looking for replacement local counsel. This fourth firm has yet to file an application for *pro hac vice* admission and no local counsel has filed a notice of appearance. Prakruti has allotted itself an additional extension to respond to discovery

3

concerns that Hill Wallack, LLP and Amin Talati Upadhye LLP have ignored.

### III. ARGUMENT

When evaluating a motion to withdraw, courts consider the following four factors: (1) the reason why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal may delay the resolution of the case. *See Haines v. Liggett Grp., Inc.*, 814 F. Supp. 414, 423 (D.N.J. 1993). Pursuant to the New Jersey Rules of Professional Conduct ("NJRPC"), an attorney may withdraw from representing a client if "the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement." NJRPC § 1.16(b)(4). But "a lawyer shall continue representation notwithstanding good cause for terminating the representation" when so ordered by the court. *See id.* at § 1.16(c); *see also Haines*, 814 F. Supp. at 423 ("The theory behind [NJRPC § 1.16(c)] is that, even if withdrawal is otherwise appropriate, other considerations must sometimes take precedence, such as maintaining fairness to litigants and preserving a court's resources and efficiency."). In short, "[w]hen an attorney agrees to undertake the representation of a client, he or she is under an obligation to see the work through to completion. his obligation is not disposed of easily." *Id.* at 424 (citations omitted).

Prakruti's lawyers claim that "fundamental disagreements in how to proceed in this action" require them to withdraw, effective August 25, 2017. ECF No. 86-1 at 2–3. Because this reason falls within NJRPC § 1.16(b)(4), Sabinsa does not oppose the withdrawal, so long as certain conditions are satisfied to minimize prejudice to Sabinsa.

Amin Talati Upadhye LLP and Hill Wallack, LLP decided to represent Prakruti despite the public record of previous withdrawals in this same case. *See* ECF No. 20-1. In that earlier motion to withdraw, Fox Rothschild LLP (Prakruti's previous counsel) said that "Prakruti has

4

refused to follow the advice rendered by Counsel," noting "material differences in how to proceed in this action." *Id.* at 2. Despite this, Amin Talati Upadhye LLP and Hill Wallack, LLP agreed to represent Prakruti. Presumably, Prakruti's replacement counsel and the local counsel it hires are similarly aware.

The Court should impose Sabinsa's requested conditions to avoid prejudice to Sabinsa from the delays and expenses incurred litigating against a defendant trying to delay this case. If Prakruti's replacement counsel does not file an application for *pro hac vice* admission and new local counsel for Prakruti does not enter its appearance by September 18, 2017, the request to withdraw will unduly prejudice Sabinsa. Without local counsel, Prakruti will further delay discovery. This will further prejudice Sabinsa by delaying its ability to get a judgment against Prakruti for breach of the Settlement Agreement.

As the Court saw in the *Olive* case, withdrawal with a promise to replace counsel is disruptive and prejudicial. The withdrawal in *Olive* delayed proceedings by months and resulted in a default judgment. Here, Prakruti has engaged new counsel for a ***fourth time***. Any further delay will prejudice Sabinsa, waste resources, and raise costs. *See* Fed. R. Civ. P. 1. So while Sabinsa does not oppose the pending motion to withdraw, Sabinsa insists that Prakruti's replacement counsel apply for *pro hac vice* admission and Prakruti's new local counsel enter its appearance in this case as soon as possible to avoid further delays and prejudice against Sabinsa.

Accordingly, the Court should grant the pending motion to withdraw ***only if*** the following four conditions are met: (1) Hill Wallack, LLP and Amin Talati Upadhye LLP will continue to meet their obligations and upcoming deadlines until Prakruti's replacement counsel are appropriately admitted and have entered an appearance; (2) Prakruti's new counsel will file an application for *pro hac vice* admission and local counsel will file a notice of appearance no

5

later than the September 18, 2017 Motion Day;  (3) Prakruti will not seek any extensions of the deadline for fact discovery (October 31, 2017) or the agreed-upon deadline for completion of document production (September 7, 2017); and (4) if Prakruti's new counsel fails to file an application for *pro hac vice* admission or its new local counsel fails to file a notice of appearance by the September 18, 2017 Motion Day, the Court will enter final judgment in favor of Sabinsa.

## IV.      CONCLUSION

For the reasons above, Sabinsa respectfully requests that the Court condition withdrawal, as explained above.

Date:   September 5, 2017	Respectfully submitted,

OF COUNSEL:	s/ Sean R. Kelly
James H. Hulme	Sean R. Kelly
Richard J. Berman	Katherine A. Escanlar
Taniel E. Anderson	**SAIBER LLC**
Jake Christensen	18 Columbia Turnpike
**ARENT FOX LLP**	Suite 200
1717 K Street, NW	Florham Park, NJ 07932
Washington, DC 20006	(973) 622-3333
(202) 857-6000	skelly@saiber.com
james.hulme@arentfox.com	kescanlar@saiber.com
richard.berman@arentfox.com
taniel.anderson@arentfox.com	*Attorneys for Plaintiff Sabinsa Corporation*
jake.christensen@arentfox.com

7