# Exhibit 18
# [FILED UNDER SEAL]

# Arent Fox

Arent Fox LLP / Attorneys at Law
Los Angeles, CA / New York, NY / San Francisco, CA / Washington, DC
www.arentfox.com

August 10, 2017

**Taniel Anderson**
Associate
202.857.6320 DIRECT
202.857.6395 FAX
taniel.anderson@arentfox.com

Brent A. Batzer
Amin Talati Upadhye LLP
100 S. Wacker Drive, Suite 2000
Chicago, IL 60606
Brent@AminTalati.com

VIA E-MAIL

Re:   *Sabinsa Corp. v. Herbakraft & Prakruti Prods. Pvt. Ltd.*, No. 14-cv-4738 (D.N.J.)

Dear Mr. Batzer:

I write on behalf of Sabinsa further to our meet-and-confer call on August 8, 2017. Below, I list the agreements reached and outstanding issues.[1] Please let us know if you disagree with anything below.

**Agreements/decisions reached:**

1.   Prakruti stated that Mr. Shetty and all of Prakruti's potential 30(b)(6) designees (other than Mr. Shetty) speak English with an identifiable accent. Prakruti promised to notify Sabinsa if any of its witnesses require a translator. Regardless of need, please identify the native language(s) of each potential witness so Sabinsa can hire a standby interpreter (if desired).

2.   Prakruti promised to identify its 30(b)(6) designees at least 14 days before the depositions, so the parties can make logistical preparations. If the depositions happen in India,[2] Prakruti will endeavor to identify the witness(es) even sooner.

3.   Thank you for confirming, pursuant to Rule 34(b)(2)(C), that Prakruti is not withholding any non-privileged, responsive materials based on any objections.[3] And thank you for

---

[1] Silence regarding any issues will not be interpreted as agreement or waiver by Sabinsa. For brevity, I address only some of the issues here.

[2] Sabinsa reiterated during the call that it has not yet agreed to India-based depositions for Prakruti's witnesses.

[3] The sole exceptions are documents responsive to Request No. 3 and expired samples responsive to Request No. 6.

555 West Fifth Street, 48th Floor   1675 Broadway                55 Second Street, 21st Floor    1717 K Street, NW
Los Angeles, CA 90013-1065        New York, NY 10019-5820       San Francisco, CA 94105-3470    Washington, DC 20006-5344
T 213.629.7400  F 213.629.7401    T 212.484.3900  F 212.484.3990  T 415.757.5500  F 415.757.5501  T 202.857.6000  F 202.857.6395

# Arent Fox

Brent A. Batzer
August 10, 2017
Page 2

confirming that Prakruti will promptly notify Sabinsa if it later plans to withhold any non-privileged, responsive materials.

4. Thank you for confirming that Prakruti agrees that Sabinsa's Request No. 2 encompasses stability testing.

5. Thank you for confirming that Prakruti will produce non-privileged comparisons of the Accused Product and Current Product, as requested in Sabinsa's Request No. 7.

6. Thank you for confirming that despite noting the July 25, 2017, meet-and-confer call in its discovery responses, Prakruti is not currently imposing any date restrictions on the term "Accused Products." If Prakruti later determines that date restrictions would be appropriate, it has promised to promptly notify Sabinsa.

7. Thank you for agreeing that the scope of discovery includes, for example, responsive information that Prakruti can demand from third parties.

**Follow-up issues:**

8. Thank you for signaling agreement regarding the Discovery Confidentiality Order. In sum, Sabinsa agrees to Prakruti's proposed new language in Paragraphs 2(d) and 2(e). In return, Prakruti agrees to four executives in Paragraph 4(g), who will be identified by executing Appendix A. I have enclosed an updated draft of the DCO that reflects these changes. We look forward to a final agreement on this.

9. Prakruti promised to respond within 48 hours (by **August 10, 2017**) about whether it plans to produce all documents on September 7, 2017, or engage in a rolling document production that will conclude by September 12, 2017. Prakruti also promised to provide an answer about whether it will promptly produce or wait to produce responsive documents that its counsel obtained during last year's briefing. For example, I identified manufacturing and batch records as likely having been received by Prakruti's counsel last year to assist with briefing. Despite multiple invitations for denials of possession of such documents, you offered none—implicitly admitting that you have had them for months. We look forward to receiving a timely response on this.

10. Prakruti requires depositions of its witnesses in India. While investigating the viability of India as a deposition location, we discovered Indian Central Authority and Hague Convention procedures and requirements for voluntary depositions in India. Because Prakruti is the party demanding India-based depositions, kindly let us know what the

# Arent Fox

Brent A. Batzer
August 10, 2017
Page 3

requirements and timing will be. Obviously, if the delays are significant, we expect Prakruti to bring its witness(es) to the United States.

11. Prakruti said that its "responses and objections are based on its interpretations of vague or ambiguous terms, which may differ from Sabinsa's interpretation." 30(b)(6) Objection No. 15. Based on this, Prakruti promised to send Sabinsa proposed interpretations of any disputed terms for resolution, including the terms identified in objections to Topic Nos. 1, 2, 3, and 6.

12. Prakruti's counsel will confer with its client regarding disclosing things, documents, and/or information related to Prakruti's organic certifications and the possibility of narrowing the scope of the request. As promised during the call, Sabinsa proposes narrowing Request No. 3 as follows: "All documents and things concerning NSF, ISO, USP, and USDA organic (or other) certifications that include descriptions, characterizations, or testing of the Curcuma longa (Turmeric) Products or the Accused Products."

13. Prakruti will determine if it has any expired samples responsive to Request No. 6. If Prakruti intends to withhold any samples, it will disclose this to Sabinsa and provide an explanation for withholding the expired sample(s). As part of the explanation, Prakruti agreed to provide Sabinsa with stability/expiration information to support a determination that a sample is expired. Unfortunately, the parties reached an impasse on the production of expired samples, but are still determining whether any samples will be impacted before burdening the Court.

14. Prakruti will provide Sabinsa with proposed databases and ESI search terms, ideally on Monday, August 14, 2017, or, alternatively, Wednesday, August 16, 2017, at the latest. Here are some ESI items/search terms that Prakruti should likely include (the list, of course, is not complete or exhaustive because Sabinsa does not know anything about Prakruti's documents):

- Any code names, project names, or nicknames associated with the Curcuma longa (Turmeric) Products or the Accused Products (as defined in Sabinsa's discovery requests)
- The patent and application numbers (with short versions)
- Words with wildcards that will capture responsive documents (e.g., curcum*, Sabinsa, HerbaKraft, Curcusol, C3 Complex, 95, Sami Labs) combined, as necessary, with other terms to minimize irrelevant results.
- Custodians who sent or received responsive documents
- Folders/databases where responsive documents are stored

**Arent Fox**

Brent A. Batzer
August 10, 2017
Page 4

- Vendors who may host responsive documents

15. Sabinsa is evaluating Prakruti's settlement offer.

Please respond to the outstanding issues listed above as soon as possible next week (or by the 48-hour deadline, as promised, for certain items).

Sincerely,

*Taniel E. Anderson*
Taniel Anderson

cc: All counsel of record