IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SABINSA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>HERBAKRAFT, INC. and<br>PRAKRUTI PRODUCTS PVT. LTD.,<br><br>Defendants. | Civil No. 1:14-cv-04738-RBK-KMW |

## ORDER GRANTING JOINT MOTION TO SEAL AND REDACT TRANSCRIPT

**THIS MATTER** having been brought before the Court upon the joint motion of Plaintiff Sabinsa Corp. ("Sabinsa") and Defendant Prakruti Products Pvt. Ltd. ("Prakruti"), pursuant to L. Civ. R. 5.3(c), to permanently seal portions of the transcript of the Discovery and Status Conference Before Magistrate Judge Karen M. Williams on April 17, 2018 (ECF No. 158), which is currently under temporary seal ("the Confidential Materials"); and the Court having considered the papers submitted in support of that Motion; and the Court noting that pursuant to L. Civ. R. 5.3(c) the Court may restrict public access to any materials or judicial proceedings upon request by any party; and for the reasons set forth in the record of the proceedings, and for other and good cause having been shown;

The Court adopts the following Findings of Fact and Conclusions of Law:

### I.   The Nature of the Materials or Proceedings at Issue

#### A.   Findings of Fact

1.   Sabinsa and Prakruti jointly seek to permanently seal the Confidential Materials.

2.   L. Civ. R. 5.3(c) requires the moving party to show the following:

a. The nature of the materials or proceedings at issue;

b. The legitimate private or public interests which warrant the relief sought;

c. The clearly defined and serious injury that would result if the relief sought is not granted; and

d. Why a less restrictive alternative to the relief sought is not available.

3. The Confidential Materials contain and/or reference information which Sabinsa, Prakruti, and subpoenaed third parties have designated as "Confidential Information" or "Attorneys' Eyes Only Information" pursuant to L. Pat. R. 2.2 and the Discovery Confidentiality Order in this matter (ECF No. 92), as well as other Prakruti confidential business information. Such Confidential Materials disclose sensitive commercial documents regarding sales, product information, customer lists, business operations, and a confidential settlement agreement that, if not sealed, could diminish Sabinsa's, Prakruti's, or third parties' business and competitive advantages in the marketplace. Release of the Confidential Materials would pose a financial and competitive risk because it would reveal information regarding the sales, customers, product information, business operations, and the settlement agreement. *See* Christensen Decl. ¶ 7; *see also* Davis Decl. ¶ 7.

B. **Conclusions of Law**

4. There exists in civil cases a common law public right of access to judicial proceedings and records. *See Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001) (citation omitted). The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (citation omitted).

5. This Court has the power to seal where confidential information may be disclosed to the public. Federal Rule of Civil Procedure 26(c)(1)(G) allows the Court to protect

2

materials containing "trade secret[s] or other confidential research, development, or commercial information," upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 889–91 (E.D. Pa. 1981).

## II. The Legitimate Private or Public Interest that Warrants the Relief Sought

### A. Findings of Fact

6. The Confidential Materials contain and/or reflect information that Sabinsa, Prakruti, and third parties have designated as "Confidential Information" or "Attorneys' Eyes Only Information" pursuant to the Discovery Confidentiality Order, as well as other Prakruti confidential business information. *See* Christensen Decl. ¶ 6; *see also* Davis Decl. ¶ 6. The Confidential Material also discusses, includes, or comprises sensitive, highly confidential information relating to the settlement agreement.

7. Sabinsa, Prakruti, and third parties have an interest in not publicly disclosing this information (*i.e.*, sales, customers, etc.). Sabinsa, Prakruti, and third parties rely upon such information to gain a competitive advantage in the nutraceutical industry. *See* Christensen Decl. ¶ 7; *see also* Davis Decl. ¶ 7.

### B. Conclusions of Law

8. Courts have recognized that the presumption of public access is not absolute and may be rebutted. *See Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) (citation omitted).

3

9. Courts may deny access to and seal a document when it encompasses business information that might harm a litigant's competitive standing. *See id.* This Court has held that the inclusion of trade secrets and other confidential information in documents warrant the sealing of such documents. "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted). "The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." *Id.*

## III. Clearly Defined and Serious Injury Would Result If the Relief Sought Is Not Granted

### A. Findings of Fact

10. The public disclosure of the Confidential Materials would pose a substantial risk of harm to Sabinsa's, Prakruti's, or third parties' legitimate proprietary and commercial interests, as well as their competitive positions in the nutraceutical industry. *See* Christensen Decl. ¶ 7; *see also* Davis Decl. ¶ 7.

### B. Conclusions of Law

11. The District Court has discretion to balance the factors for and against access to court documents. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994).

12. Protection of a party's interest in confidential commercial information, such as a trade secret, is a sufficient threat of irreparable harm, and is clearly defined as a serious injury. *See Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984).

4

## IV. No Less Restrictive Alternative Is Available

### A. Findings of Fact

13. This joint request to seal the Confidential Materials is tailored to the information that Sabinsa, Prakruti, and third parties have designated as "Confidential Information" or "Attorneys' Eyes Only Information" pursuant to the Discovery Confidentiality Order, as well as other Prakruti confidential business information. *See* Christensen Decl. ¶ 6; *see also* Davis Decl. ¶ 6.

14. The disclosure of Sabinsa's, Prakruti's, or third parties' confidential, commercial, and proprietary information would pose a financial and competitive risk to Sabinsa, Prakruti, and third parties. The Confidential Materials include commercial information with regard to sales and customers related to this action. The only way to protect such confidential, commercial, and proprietary interests is to seal the Confidential Materials. *See* Christensen Decl. ¶ 7; *see also* Davis Decl. ¶ 7.

### B. Conclusions of Law

15. Under Local Civil Rule 5.3(c)(2), a party seeking to seal documents must meet the fourth prong that no less restrictive alternative to the relief sought is available. *See Securimetrics, Inc. v. Indian Techs., Inc.*, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006).

16. Here, there is no alternative to sealing the confidential information. However, the document at issue has been redacted in lieu of the wholesale sealing of same.

**THEREFORE**, for the foregoing reasons, **IT IS** on this 25th day of July, 2018, hereby

**ORDERED** that the Joint Motion to Seal shall be **GRANTED**; and it is further

5

**ORDERED** that the transcript of the Discovery and Status Conference Before Magistrate Judge Karen M. Williams on April 17, 2018 (ECF No. 158) shall be permanently sealed and maintained **UNDER SEAL** by the Clerk of the Court, and it is further

**ORDERED** that, pursuant to L. Civ. R. 5.3(g)(2), Sabinsa shall submit to the transcription agency the redacted version of the transcript of the Discovery and Status Conference Before Magistrate Judge Karen M. Williams on April 17, 2018 (ECF No. 158) within ten days of the date of the within Order; and it is further

**ORDERED** that, pursuant to L. Civ. R. 5.3(g)(2), the transcription agency shall submit the redacted version of the transcript of the Discovery and Status Conference Before Magistrate Judge Karen M. Williams on April 17, 2018 (ECF No. 158) to the Clerk of the Court for purposes of electronic filing on the docket.

HONORABLE KAREN M. WILLIAMS
United States Magistrate Judge

cc: Hon. Robert B. Kugler