# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

_____ :

**SABINSA CORPORATION,**                       :

                                       *Pl**aintiff,***           :

     v.                                              :           **Civil Action No: 14-cv-04738 RBK-KMW**

                                                                     :

**HERBAKRAFT, INC., and**                        :           Opinion

**PRAKRUTI PRODUCTS PVT. LTD.,**          :

                                     *Defendants.*   :

_____:

**KUGLER, United States District Judge:**

       This matter is before the Court on a composite motion ("the Motion") (ECF Doc. 236) dated 16 August 2019 brought by defendant Prakruti Products PVT. Ltd. ("Prakruti")[1] to appeal the following orders issued by Magistrate Judge Williams:

1.  Magistrate Judge Williams' Order ("**the Order**") dated 17 December 2018 (ECF Doc. 220) granting plaintiff Sabinsa Corporation's ("Sabinsa") motion for sanctions (ECF Doc. 161), which included:

       1.1     sanctions for the spoliation of evidence;

       1.2     a determination that the spoliation warranted an adverse inference;

       1.3     an award for plaintiff's attorney's fees and costs expended due to the spoliation of evidence;

       1.4     sanctions of the attorneys' fees and costs of bringing the spoliation motions;

       1.5     the grant of a forensic audit; and

2.  Magistrate Judge Williams' denial ("**the Denial**") (ECF Doc. 235) dated 2 August 2019 of that portion of Prakuti's motion (ECF Doc. 221) ("the Reconsideration Motion") seeking reconsideration that the Eurofins form was new evidence.

       This appeal motion has been resolved without oral argument under *Fed. R. Civ. P.* 78.

       As set forth below, defendant **Prakruti's motion (ECF Doc. 236) appealing both the Order (ECF Doc. 220) and the Denial (ECF Doc. 235) is DENIED.**  An appropriate Order dated today accompanies.

---

[1] As used herein, the term "Prakruti" refers to Prakruti Products.  The term "Prakruti Foods" refers to an affiliate of Prakruti Products solely owned by Mr. Vijay Shetty.

## 1.0    BACKGROUND AND PROCEDURAL HISTORY

This section will be brief as the parties are all too familiar with the recent, tortuous pathway that marks their attempts to comply with this Court's order re-opening their settlement agreement (ECF Doc. 76) ["Re-opening Order"].  The goal of the Re-opening Order was to collect information—documents, sold product, tested samples, etc.— in order to determine whether Prakruti had breached the settlement agreement with Sabinsa  (ECF Doc. 39-2) during the relevant discovery period—from on or shortly before  the execution date of the agreement—7 January 2015—to on or shortly after Sabinsa's patent expired on 12 July 2016.

Both parties have conducted business in supplying nutraceutical products containing curcuminoids.  Plaintiff was the assignee of U.S. Pat. No. 5,861,415 ("the '415 patent"), which recites processes of isolating and administering curcuminoid products as well a single product by process claim for a curcuminoid product. The '415 patent expired on or about 12 July 2016. In March 2014, while the '415 patent was still in force, plaintiff sued defendants for patent infringement.  On 7 January 2015, the parties executed a settlement agreement ("the Agreement") that, among other things, required defendants to acknowledge the validity of the '415 patent and to sell any of their curcuminoid products that met the Agreement definition of Accused Product[2] only to plaintiff. [3]

On 28 October 2016, plaintiff sought to re-open the action and to enforce the Agreement. In the Re-opening Order (ECF Doc. 76), this Court granted plaintiff's motion in part for the sole purpose of conducting limited discovery to determine if defendants had breached the Agreement by selling Accused Product to third parties.  In effect, the Re-Opening Order required plaintiff to request samples of Prakruti's product for testing as well as accounting and other information about Prakruti's post-Agreement product sales .

The subsequent, complex course of dealing between the parties to conduct this limited discovery for samples and sales information ended up with Sabina's seeking orders from Magistrate Judge Williams to declare Prakruti's spoliation, including destruction of samples, and to sanction Prakruti for other spoliation behavior, namely, Prakruti's misrepresentations, withheld evidence and general disregard of the Re-Opening Order.  In her extensive Order of

---

[2] The Settlement Agreement defined Accused Product as "any product(s) derived from the *Curcuma longa* plant that contains curcuminoid compositions/products as enabled, described, and claimed in the '415 Patent, including such *Curcuma long* (Turmeric) product offered for sale by Prakruti".

[3] On 20 March 2015, this Court entered a final consent judgment (ECF Doc. 37) in which the parties stipulated to this Court's continuing jurisdiction over proceedings to enforce the consent judgment, which includes all proceedings related to the Re-opening Order.

17 Dec 2018 (ECF Doc. 220), Magistrate Judge Williams granted Sabinsa's motions in part, specifically finding, among other things, that Prakruti had spoliated its samples evidence and that an adverse inference was warranted because of that spoliation. The Order also granted Sabinsa an award of attorneys' fees and costs it had incurred in finding the spoliation as well as sanctions of attorneys' fees and costs for having to bring the spoliation motions, as well as a forensic audit because of Prakruti's failure to produce Prakruti Foods discovery. *Id.* at 46.

To be clear, the Order is a *magnum opus* at 47 pages long, in which Magistrate Judge Williams set forth the standard for spoliation citing case law from both the Third Circuit and this District (*Id.* at 23), detailed the many, complicated facts she considered in reaching her inference of spoliation and applied those considered facts to the legal standards in a thorough, detailed manner.

On 31 December 2018, Prakruti filed a motion (ECF Doc. 221) seeking Magistrate Judge Williams' reconsideration of the Order, and specifically to vacate the Order and deny Sabinsa the spoliation sanctions, attorneys' fees and costs, and the warrant of an adverse inference. On 2 August 2019, Magistrate Judge Williams denied the reconsideration motion. ECF Doc. 235 ["the Denial"].

On 16 August 2019, Prakruti timely filed this Motion to appeal the Order and Denial.

## 2.0   PARTIES' CONTENTIONS

### 2.1   Prakruti

Prakruti contends the following:

the Court improperly considered Prakruti's misrepresentations about the first set of missing samples to be intentional (ECF Doc. 237:2; ECF Doc. 245:3-4);

the Court did not properly consider a Prakruti sworn statement that one of the samples from the second set of missing samples was inadvertently disposed of, which led to the Court's incorrect inference that Prakruti also made intentional misrepresentations about this set of samples (ECF Doc. 237:2);

the Court did not properly consider Sabinsa's failure to establish that Prakruti had produced no responsive document (*Id.*);

the Court did not consider Prakruti's arguments that its conduct regarding discovery from Prakruti Foods was substantially justified even though that conduct failed to get discovery and because of that, Prakruti should not be required to pay Sabinsa's fees, costs and expenses to independently acquire discovery from Prakruti Foods (ECF Doc. 237:3; ECF Doc. 245:7-8);

the Court-ordered requirement that Prakruti's counsel pay monetary sanctions because of the failure to achieve Prakruti Foods' discovery is clear error or contrary to law *(Id.)*;

the Court erred by finding the Eurofins samples form (as not new evidence and therefore denying Prakruti's motion for reconsideration ECF Doc. 237:3; ECF Doc. 245:4-5); and

the Court-ordered forensic audit is improper because it is not relevant to the limited scope of discovery in the Discovery Order.  (ECF Doc. 245:13).

**2.2    Sabinsa**

Sabinsa contends the following:

Prakruti's motion for appeal mischaracterizes the correct legal standard, that is, "abuse of discretion" in reviewing a Magistrate's factual findings (ECF Doc. 241: 14-16);

And so does its motion for reconsideration (*Id*. at 16-17);

Prakruti's sanction for spoliation was properly considered by the Magistrate Judge, given Prakruti's multiple misrepresentations and missing samples (*Id*. at 18-33);

Prakruti's sanction for discovery misconduct regarding Prakruti Foods was properly considered by the Magistrate Judge (*Id*. at 33-36);

Prakruti's assertion that its new evidence justifies a grant of the reconsideration motion is improper because the new evidence was untimely and thus irrelevant (*Id*. at 36-39); and

Court-ordered limited forensic audit is necessary (*Id.* at 39-40).

**3.0    LEGAL STANDARDS**

**3.1    Review of Magistrate Judge's Decision on Non-Dispositive, Pre-Trial Issues**

In *EEOC v.  City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017), the Third Circuit recently re-iterated that a district court may refer a nondispositive, pre-trial motion to a magistrate judge "to hear and determine," under subparagraph (A) of 28 U.S.C § 636(b)(1)(A), which *Federal Rule of Civil Procedure 72(a)* ("Fed. R. Civ. P." or "Rule") echoes.  Once the magistrate judge issues an order on that motion, the parties have fourteen days to serve and file objections to it under Fed. R. Civ. P. 72(a).   A party's timely appeal invokes the district court's consideration of the order to modify or set aside any part of it, but only if it is clearly erroneous or contrary to law.  *28 U.S.C.§ 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c) (1)(A)*; *Cardona v. General Motors Corp.*, 942 F.Supp. 968, 970 (D.N.J. 1996) [*citing United Steelworkers of*

*America v. New Jersey Zinc,* 828 F.2d 1001 (3d Cir.1987)].[4]   More specifically, a magistrate judge's findings appealed as contrary to law are reviewed *de novo* and an appeal of his/her fact-findings invokes a clearly erroneous standard. *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992); *Lo Bosco v. Kure Engineering Ltd.,* 891 F.Supp. 1035, 1037 (D.N.J.1995).  In an appeal of a magistrate judge's order, the appellant has the burden of showing the magistrate judge's legal decision and/or fact-finding meets the appropriate standard for reversal.  *Exxon Corp. v. Halcon Shipping Co.*, 156 F.R.D. 589, 591 (D.N.J. 1994).

The "contrary to law" standard entails a *de novo* review whether the magistrate judge's ruling "misinterpreted or misapplied applicable law." *Doe v. Hartford Life Acc. Ins. Co.,* 237 F.R.D. 545, 548 (D.N.J.2006); *see also Marks v. Struble,* 347 F.Supp.2d 136, 149 (D.N.J. 2004) [*concluding* the magistrate misapplied the law].

The "clear error" standard entails a review sufficient to leave the reviewing court "with the definite and firm conviction that a mistake has been committed", even if there is evidence to support the fact-finding. *LoBosco,* 891 F.Supp. at 1037 [*quoting United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)].  In interpreting the clear error standard, the Third Circuit has declared that the a reviewing court must accept the factual determination of the fact-finder unless the determination  "either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data." *Celgene Corp. v. Natco Pharma Ltd.,* No. 10-5197, 2015 WL 4138982, at *2 (D.N.J. 9 Jul 2017) [*citing Haines,* 975 F.2d at 92 (3d Cir.1992) *quoting Krasnov v. Dinan,* 465 F.2d 1298, 1302 (3d Cir.1972)].

Disagreement with the magistrate judge's fact finding is insufficient for reversal.  In reviewing a magistrate judge's factual determinations, a district judge may not consider evidence not before the magistrate judge.  *See Haines*, 975 F.2d at 91 (3d Cir. 1992) [the reviewing court is "not permitted to receive further evidence"]; *Andrews v. Goodyear Tire & Rubber Co.*, 191 F.R.D. 59, 68 (D.N.J. 2000) [an example of finding a magistrate judge's non-dispositive ruling clearly erroneous].

Additionally, when the appeal "seeks review of a matter within the purview of the magistrate judge, such as fact-finding in a discovery dispute, an even more deferential

---

[4] For appeal purposes, the Third Circuit has held that the only avenue for appeal of a magistrate judge's non-dispositive, pre-trial order is through district court review.  And only then may the district court's decision over the magistrate's order be appealed to a Circuit Court. *Siers v. Morash,* 700 F.2d 113, 116 (3d Cir. 1983).  However, if a magistrate judge's determination of a non-dispositive, pre-trial matter is not timely appealed to a district court, it is considered "final", but nonetheless remains non-appealable to a Circuit Court.  *Siers v. Morash,* 700 F.2d at 114 [*citing Mathews v. Weber,* 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976)].

standard, the 'abuse of discretion' standard, must be applied." *Koninklijke Philips Elec. N.V. v. Hunt Control Sys., Inc.*, No. 11- 3684, 2014 WL 5798109, at *2 (D.N.J. 7 Nov 2014) [*citing Salamone v. Carter's Retail Inc.*, No. 09–5856, 2012 WL 821494, at *4 (D.N.J.9 Mar 2012)].

Because of the magistrate judge's full involvement with the facts and record of the case (*Depomed, Inc. v. Purdue Pharma L.P. et al.*, No. 13-571, 2016 WL 6089699, at *3 (D.N.J. 14 Oct 2016), his or her decision regarding fact-finding is reversed only for abuse of discretion. *V. Mane Fils S.A., v. Int'l Flavors and Fragrances Inc.*, No. 06-2304, 2008 WL 4606313, at *3 (D.N.J. 16 Oct 2008) (Wolfson, DJ) [citations omitted]; and *Halsey v. Pfeiffer*, No. 09-1138, 2010 WL 3735702, at *1 (D.N.J. 17 Sep 2010) [citation omitted]. *See generally*, Jay G. Safer, *Chapter 33: Magistrate Judges and Special Masters*, 4 BUSINESS AND COMMERCIAL LITIGATION IN FEDERAL COURTS § 33:14 (4th ed. Nov 2019 Update), American Bar Association Section of Litigation, Robert L. Haig, Editor-in-Chief. *See also Cooper Hospital/University Medical Center v. Sullivan,* 183 F.R.D. 119, 127 *(*D.N.J. 1998) (Kugler, MJ) [Abuse of discretion is expressly fitting when the magistrate has managed the case from the outset and developed a full knowledge of the issues. *Id.*].

An abuse of discretion occurs when a "material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them." *V. Mane Fils S.A.*, 2008 WL 4606313, at *3 (D.N.J. 16 Oct 2008) (Wolfson, DJ).

**3.2    Review Standard of the Magistrate Judge's Denial (Motion for Reconsideration)**

The standard for granting a motion for reconsideration under *Fed. R. Civ. P. 59(e)* is cited here only to distinguish it clearly from the standard of review over an appeal of a motion for reconsideration.

The grant of a motion for reconsideration relies on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *Lazardis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam). Since the scope of such a motion is "extremely limited", the Third Circuit has recognized that such a motion is not an opportunity to re-litigate the case, but only to correct manifest errors of law or to present newly discovered evidence. *Blystone v. Horn*, 664 F.3d 397, 415-16 (3d Cir. 2011).

The standard of review over Magistrate Judge Williams' Denial (of Defendants' Motion for Reconsideration) is different from that cited in the previous paragraph. The district court reviewing a denial of a motion of reconsideration does NOT determine whether there was an

intervening change in the law or new evidence made available or the need to correct a clear error of law or prevent manifest injustice.

Rather, the standard of review over Magistrate Judge Williams' Denial is precisely the same standard for reviewing any Magistrate Judge's non-dispositive ruling, as stated in section 3.1 above. This unitary standard of review is exemplified by *Doe v. Hartford Life Acc. Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J.2006). There, the plaintiff sought John Doe anonymity to prevent irreversible loss of professional reputation and earning capacity. The magistrate denied the motion. And, the plaintiff filed a reconsideration motion, which the magistrate also denied. In reviewing the magistrate's denial of reconsideration as well as the plaintiff's appeal of the decision, this Court applied the same standard. *Id.*

*See also, Collick v. Weeks Marine, Inc.*, No. 08-5120, 2014 WL 3778291, at *4 (D.N.J. 2014) in which the defendant filed a cross appeal as a motion for reconsideration of the magistrate's decision and which the Court re-categorized as a motion for appeal of the magistrate's decision and applied the same standard as above.

The only reason why this section on standards is distinguished from the previous one is to underscore **this Court's application of a unitary standard of review to a magistrate judge's decision on a motion for reconsideration as well as to an appeal of that decision.**

## 4.0    DISCUSSION

### 4.1    Appeal of the Denial (of Prakruti's Motion for Reconsideration)

In its appeal of Magistrate Judge Williams' Denial, Prakruti asserts Magistrate Judge Williams did not properly consider the Eurofins form evidence as new and therefore committed clear error. ECF Doc. 237:18. Prakruti misstates the correct standard to be applied to Magistrate Williams' Denial.

The correct standard is "abuse of discretion" for her fact-finding or "contrary to law" for her legal conclusions. Prakruti's arguments at ECF Doc. 237: 18 – 23 acknowledge that Magistrate Judge Williams' Denial constituted fact finding regarding the "newness" of the Eurofins chain of custody document (also called the "Eurofins form") executed by Prakruti's former counsel. However, Prakruti neither argues an abuse of discretion occurred nor properly recognizes that as the correct standard.

Nevertheless, to exemplify this Court's jurisprudence as to the application of a "clearly erroneous" review standard, the Court conducts below a "clear error" review. In the Denial, Magistrate Judge Williams "pondered" (Prakruti's term) about the accuracy of Prakruti's declarations that the Eurofins samples had not been destroyed. She "pondered" whether the

passive follow-up of Prakruti's current counsel regarding the existence of the Eurofins samples relieved Prakruti of liability. She "pondered" why Prakruti's representations that it had not destroyed samples were not mere assertions and why Prakruti had not followed up with reasonable diligence to get credible evidence that their discovery behavior was confidently complete.

In effect, Magistrate Judge Williams "pondered" whether Prakruti's repeated inaccurate representations regarding the destruction of samples were credible. All of her ponderings resulted in her Denial of the Reconsideration Motion (ECF Doc. 235), a seventeen-page document which included a three-page listing of the events and chronology relevant to the production of Prakruti's samples and related evidence (which focused on the relevant period after the Re-opening Order) (*Id*. at4-7) and a nine-page analysis of the parties' arguments and assertions (*Id.* at 8-17). Magistrate Judge Williams correctly stated the legal standard for reconsidering her Order on Prakruti's spoliation and sanctions for it. *Id*. at 8-9. She weighed both parties' arguments and assertions to find that Prakruti had merely repeated almost verbatim those arguments previously made in its opposition to the spoliation motion. *Id.* at 10-11.

Magistrate Judge Williams' Denial was by no means a "throw-away" statement but a considered weaving of the correct legal standard with the facts, which were not incorrectly weighed because of the totality of her experience with the case since the Re-opening Order. She found Prakruti's assertion that the Eurofins form[5] to be "new" evidence—thereby entitling Prakruti to reconsideration of her spoliation Order—did not follow as a necessary inference. *Id*. at 16. Specifically, Prakruti had asserted the Eurofins form was new because Prakruti's current counsel had not seen it before the spoliation Order.

Magistrate Judge Williams found Prakruti's proposed inference—that it knew nothing of the existence of the second set of missing samples—was NOT the ONLY inference that could be drawn. Other inferences that could be drawn were: Prakruti had not conducted a sufficiently diligently search for this chain of custody document; or, Prakruti had not diligently pursued the issue with Prakruti's former counsel who had it in their possession; or Prakruti was unwilling to confirm evidence spoliation by a purposeful refusal to search. *Id.*

---

[5] a chain of custody document regarding the Eurofins samples executed by Prakruti's previous counsel and asserted by Prakruti's current counsel to be unknown to him, thus, "new". The purported, possible reasons for Prakruti's making that assertion is at the very heart of Magistrate Judge Williams' Denial of Prakruti's Motion for Reconsideration. In her Denial, it appears she found that assertion not credible. The basis of her Denial arises from her experience and review of Prakruti's behavior for the last several years since this Court's Order of discovery of a possible breach of the parties' settlement agreement because of asserted patent infringement by Prakruti.

 Since the Eurofins form existed before the spoliation Order and since Prakruti's lack of awareness of it could have been due to various inferences—unintentional ignorance or Prakruti's repeated lack of diligence and/or its intentional unwillingness to uncover evidence, Magistrate Judge Williams was within her purview as fact-finder to weigh the facts before her and infer which inference best explained them. She chose the inference of Prakruti's intentional unwillingness coupled with its lack of diligence.

Ultimately, Prakruti's argument boils down to: Magistrate Judge Williams' fact-finding in the Denial is wrong primarily because she placed the wrong weight on certain evidence. But that's precisely what the standard allows her to do. Under a clear error standard, absent an indication from the entirety of the evidence that a mistake has been made, the Magistrate Judge's decision stands. Inasmuch as Magistrate Judge Williams weighed the evidence to find that Prakruti's assertions were either not supported or not credible, then under either clear error or abuse of discretion, her inferences from the facts, listed as relevant in her Denial, must stand. This is because of the discretion afforded to Magistrate Judge Williams' experience of the parties' discovery disputes first-hand through formal hearings and day-to-day contact.

Prakruti is reminded that mere disagreement with the fact-finding is not the legal standard for overturning a magistrate judge's decision based on her fact-finding. Prakruti has not shown Magistrate Judge Williams has clearly erred or abused her discretion as fact-finder. Ultimately, Magistrate Judge Williams made a judgment call about what she saw during the discovery disputes. She is entitled to that judgment call because her inferences are not unsupported by the entirety of the facts listed in the Denial.

Accordingly, that portion of the Motion appealing the Denial (ECF Doc. 235) is **DENIED.**

### 4.2    Appeal of the Order (Granting Sabinsa's Motions for Sanctions)

Again, the Court finds that Prakruti argues from an incomplete, and therefore incorrect, standard of appellate review of a magistrate judge's order. That is, Prakruti's argument implies that this Court's review of the Order should concern only that standard when a magistrate judge has misapplied the law such that a legal mistake has been made needing correction. ECF Doc. 237: 3-4. As stated above, that standard is *de novo* review of the legal standards applied by the magistrate judge.

Not surprisingly, then, Prakruti's incorrect assertion—that Magistrate Judge Williams applied an incorrect legal standard—drives an argument that does little more than repeat the contentions of its original submissions before Judge Williams. In effect, Prakruti's submission

here tries to get a third bite at the apple, that is, this Court's *de novo* review of Prakruti's arguments against Sabinsa's Motion for Sanctions.

However, such an exercise of reviewing the facts and weaving them with the law is unequivocally not what's demanded of this Court in an appellate review. Rather, first and foremost is a review of the correct legal standards and an analysis of whether Magistrate Judge Williams asserted and applied these in her decision-making. If so, Magistrate Judge Williams' determination cannot be "contrary to law".

Then this Court reviews whether Magistrate Judge Williams made a "clear error" in applying those correct legal standards to reach inferences from the facts. Moreover, since Magistrate Judge Williams' inferences concern discovery facts and issues, they deserve an abuse of discretion review. Even though Prakruti has neither raised nor evidenced an abuse of discretion— the proper review standard here—and even though Prakruti has therefore cited an incorrect review standard, this Court again reviews Magistrate Judge Williams' factual inferences for "clear error" in order to make crystal clear the clear errors of Prakruti's arguments.

### 4.2.1   *De Novo* Review of Magistrate Judge Williams' Application of Spoliation Standards

This District's latest reliance on the 3rd Circuit standard for spoliation is in *Goins v. Newark Housing Authority* , stating

 " '[s]poliation is usually referenced in instances where evidence has been altered or destroyed.' *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73 (3d Cir. 2012) (internal citations omitted). However, 'under certain circumstances, nonproduction of evidence is rightfully characterized as spoliation.' *Id.* Thus '**when the contents of a document are relevant to an issue in a case, the trier of fact generally *may* receive the fact of the document's nonproduction or destruction as evidence that the party that has prevented production did so out of the well-founded fear that the contents would harm him.**' *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir. 1995) (internal citations omitted) ."

*Goins v. Newark Housing Authority*, No.15-2195 (KM), 2020 WL 1244576 at *10 (D.N.J. 13 Mar 2020). [emphasis added]

The *Goins* Court goes on to cite from *Bull* that:

 " ' [f]or a Court to find spoliation against a party, four factors must be present:

(1) "the evidence was in the parry's control; [2] the evidence is relevant to the claims or defenses in the case; [3] there has been actual suppression or withholding of evidence; and, [4] the duty to preserve the evidence was reasonably foreseeable to the party.' *Bull*, 665 F.3d at 73. Once found, spoliation is punishable by sanctions, including the spoliation adverse inference. *See Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 78–79 (3d Cir. 1994)."

*Id.* [6]

The Court finds that Magistrate Judge Williams cited the correct Third Circuit standards on spoliation and spoliation sanctions from the key cases cited above, *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73 (3d Cir. 2012) and *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 78–79 (3d Cir. 1994). ECF Doc. 220: 23-24. Moreover, and to the point, Magistrate Judge Williams correctly applied these four factors to the evidentiary record. She found that "Sabinsa has plainly established spoliation factors one and four" because it was Prakruti who had the two sets of missing samples and sent them to their former attorney (before this Court's Re-Opening order). She found these acts emphasize the foreseeability that the samples were relevant and controlled by Prakruti. *Id.* at 24. She notes even Prakruti did not dispute Sabinsa's assertion regarding these two factors. *Id.* As for factor two, Magistrate Judge Williams found any possible withholding of evidence by Prakruti would indeed be relevant to Sabinsa's claims and to Prakruti's defenses. *Id.* at 25. For factor three, Magistrate Judge Williams concluded from the jurisprudence that inconsistent statements or misrepresentation regarding the preservation of evidence would be sufficient to establish bad

---

[6] The *Goins* Court cite summarized the 3rd Circuit's rationale for a spoliation inference:

" 'Since the early 17th century, courts have admitted evidence tending to show that a party destroyed evidence relevant to the dispute being litigated.' Jamie S. Gorelick, Steven Marzen and Lawrence Solum, *DESTRUCTION OF EVIDENCE*, § 2.1 (1989). Such evidence permitted an inference, the 'spoliation inference,' that the destroyed evidence would have been unfavorable to the position of the offending party. As Judge Breyer put it in *Nation-wide Check Corp. v. Forest Hills Distributors, Inc.*, 692 F.2d 214, 218 (1st Cir. 1982), 'the evidentiary rationale [for the spoliation inference] is nothing more than the common sense observation that a party who has notice that [evidence] is relevant to litigation and who proceeds to destroy [evidence] is more likely to have been threatened by [that evidence] than is a party in the same position who does not destroy the document.' As Judge Breyer also noted, the spoliation inference is also seen as having "prophylactic and punitive effects." *Id.* The admissibility of spoliation evidence and the propriety of the spoliation inference is well established in most jurisdictions, including Pennsylvania. *See e.g., Nation-wide Check Corp.*, 692 F.2d 214 (1st Cir. 1982); *Mensch v. Bic Corp.*, 1992 WL 236965 (E.D.Pa.1992) (citing Pennsylvania cases); *Gorelick, et al., supra,* § 2.24.

*Schmid*, 13 F.3d at 78. *See also Mosaid Techs. Inc. v .Samsung Elecs. Co.*, 348 F. Supp. 2d 332, 335 (D.N.J. 2004) (sanctioning a defendant with the spoliation inference)."

Goins, 2020 WL 1244576, at footnote 13 (D.N.J. 13 Mar 2020).

faith according to *Bull*, 665 F.3d at 76-77.

Thus, this Court finds Magistrate Judge Williams asserted and applied the correct legal standards to reach her in inference of spoliation and concludes its *de novo* review with the finding that Magistrate Judge Williams made no determination that was "contrary to the law".

### 4.2.2 "Clear Error" Review[7] of Magistrate Judge Williams' Inference of Spoliation

The essence of a clear error review is to show that, in deciding a non-dispositive motion, the magistrate judge weighed all the facts and made inferences that are supported by the evidence, in other words, reached reasonable conclusions. To the point, a clear error review is a check that the magistrate judge weighed the facts against the correct law in a manner that is not unsupported by the entirety of the evidence. In other words, a clear error review ensures that the magistrate judge's inferences derived from the facts, while not the only inference possible, does not constitute a mistake when viewed from the entirety of the factual context. It is not a review of whether the moving party's arguments demand a new weighting of the evidence. In fact, a new weighting of the evidence is exactly what is **not** required as that is a *de novo* review.

This Court's role is to ascertain whether a mistake has been made based on the weighting applied by the magistrate on the entire evidence.

To review how Magistrate Judge Williams weighed the facts and reached the inferences of spoliation and accompanying sanctions and the need for a forensic audit, this Court has studied not only her Order but also the transcripts of the two in-person hearings she conducted and which concerned the discovery disputes between the parties. The first hearing was held 17 April 2018 and related to outstanding discovery disputes (ECF Doc. 158) ["the Discovery Hearing"], including the issues of misrepresentations by Prakruti regarding its discovery efforts and its control over Prakruti Foods, an affiliate. The second hearing was held 27 September 2018 and related to spoliation, accompanying sanctions and the requested relief of the forensic audit (ECF Doc. 217) ["the Spoliation Hearing"] .

---

[7] *Woll v. Colvin*, No. 3:15-cv-2238, 2017 WL 778709, at * 2 (E.D. Pa. 28 Feb 2017)--a recent, practical example of applying this Circuit's clear error standard to a magistrate' factual determinations—exemplifies that, when a district court finds the appellate arguments to be reiterations of arguments the party raised previously and which the Magistrate Judge addressed thoroughly, then the clear error review devolves to judicial economy demands that the Magistrate Judge's determinations be affirmed.

Repeated in footnote 8 are Prakruti's main assertions of Magistrate Judge Williams'
errors listed in its appeal (ECF Doc. 236). [8]  In essence, these assertions coalesce into two major
themes that Prakruti has argued not only here but throughout the discovery disputes before
Magistrate Judge Williams.

The themes are interrelated.  **Theme 1 is, Prakruti Products had NO control over
Prakruti Foods and relates to assertions 3, 4, and 6 in footnote 8.**  More particularly, this
theme intones the repeated refrain "Prakruti Products doesn't have control over the requested
discovery information from Prakruti Foods and therefore cannot access it".  This theme,
asserted in  various iterations after the Re-opening Order, arose from Prakruti's
representations that:  it did not control Prakruti Foods or its records because Foods was under
the control of its sole proprietor who had sole access to Foods' computers and records.
However, Sabinsa through its own investigations repeatedly found more and more of Prakruti
Foods' records that Prakruti did have control over and which implied possible infringement by
Prakruti.

**Theme 2 relates to assertions 1, 2 and 5 in footnote 8:  After the Re-opening Order,
Prakruti had no or little access to Prakruti Foods' records, which meant Prakruti  did not
know what it did not know and consequently could not provide what it didn't know**.
**Because of this lack of knowledge, Prakruti's repeated representations to Sabinsa that it
had no more information, while inaccurate, were inadvertent and not intentional.
Therefore, Prakruti's behavior could not rise to the level of bad faith liability, necessary for**

---

[8] 1)       Prakruti asserts Magistrate Judge Williams erred in her interpretation of Prakruti's numerous declarations regarding
the "first set of missing samples, that is, she erred in finding that Prakruti's intentionally misrepresented what it knew about
these samples.  Such error arises because Prakruti argues, it did not intentionally misrepresent it had not samples. Rather,   the
misrepresentation was inadvertent because its previous counsel forgot he had those samples in a file cabinet in his office.   ECF
Doc. 237: 1-2.
2)       Prakruti also asserts Magistrate Judge Williams erred in her interpretation of Prakruti's sworn statement that one of
the samples from the second set of samples was inadvertently, not intentionally, disposed of.  Since the declaration avers the
disposal occurred because neither Prakruti nor its previous counsel even remembered the existence of the second set of
samples, the only reasonable inference is that the disposal was inadvertent.   ECF Doc. 237: 2.
3)       Further, Prakruti asserts Magistrate Judge Williams erred in her interpretation that resulted in her granting sanctions
regarding Prakruti Foods' discovery because, Prakruti argues, Sabinsa failed to establish that no responsive document from
Prakruti Foods had been produced.  *Id.*
4)       Prakruti also asserts Judge Williams refused to properly consider Prakruti's Indian attorney's declaration that Prakruti
was "substantially justified" as to its conduct in not producing discovery from Prakruti Foods.  *Id.* at 2-3.  And because of that
improper interpretation regarding the declaration, Prakruti should not be required to pay Sabinsa's fees, costs, and expenses
pursuant to Rule 37 in order to engage in its own discovery.
5)       Moreover, Prakruti asserts that Magistrate Judge Williams erred by not pointing to any sanctionable conduct by its
current counsel and therefore erred by requiring its current counsel to pay monetary sanctions.  *Id.*
6)       Finally, Prakruti asserts that Magistrate Judge Williams erred by ordering a forensic audit because it is not
proportionate to the needs of this case.

**a finding of spoliation.**

On 18 April 2018, Magistrate Judge Williams held a hearing regarding discovery disputes between the parties.  Sabinsa had submitted a letter (ECF Doc. 151) a few days earlier outlining concerns over and its evidence of Prakruti's possible spoliation.  In the Discovery Hearing (the transcript of which is 68 pages at ECF Doc. 158 ), Magistrate Judge Williams heard Sabinsa's oral argument from about page 11 to about page 19 on the issue of  whether and how Prakruti had legal control over Prakruti Foods.  The issue for Sabinsa was, if Prakruti did indeed have legal control over Prakruti Foods and thus access to Prakruti Foods' records, why hadn't the Foods records been produced.

In the Discovery Hearing  (ECF Doc.217:22), Magistrate Judge Williams asked Prakruti's current counsel, Mr. Davis:

```
8 THE COURT: What's the basis for Foods not turning
9 them over or Products not getting them? What's the basis for
10 that? What's the explanation; what are they saying the
11 reason is?
12 MR. DAVIS: Well, the reason is that they are
13 separate entities in terms of the ownership.
14 THE COURT: Not the standard. Does Products have
15 legal right to these documents? And I don't know how in --
16 I'm going to use what for me is a strong word, it's
17 disingenuous for them to argue this. It's disingenuous for
18 Products to say, oh, we can't get these documents, this is a
19 separate company, we don't -- you're sharing emails. That's
20 electronically-stored information. There's got to be access.
21 I am not going to tolerate this any further. [emphasis added]
```

On 19 April 2018, the day after the Discovery Hearing, Magistrate Judge Williams ordered Prakruti to produce all responsive documents from Prakruti Foods within two weeks and noted that failure to obey this order may result in Rule 37 sanctions.  ECF Doc. 155:2.

**On 28 September 2018, five months later,** Magistrate Judge Williams held a hearing to determine whether  Prakruti had fully complied with her 19 April 2018 order.   In the transcript of the Spoliation hearing ( ECF Doc.217) ["Spoliation Transcript"] , Magistrate Judge Williams opines about the lack of confidence she has in the "totality" of the discovery response from Prakruti and, because of that, her frustration at the delay in getting the infringement issue to Judge Kugler.

Spoliation Hearing ECF Doc. 217: 25 ...

9  MR. DAVIS [Prakruti's current counsel]: Your Honor, if I may, Prakruti agrees
10 with you and regarding the Prakruti Foods issue, **we believe**
11 **that we have provided Sabinsa everything that they need to**
12 **answer Judge Kugler's questions.** [emphasis added]
13 THE COURT: Yes, except every time you say that and
14 no -- I was going to say disrespect but for me whenever that
15 word precedes it, it's the most disrespectful thing anybody
16 ever says. **No dispersions, but every time you say that, more**
17 **information comes available**. [emphasis added]
18 MR. DAVIS: Well --
19 THE COURT: It's almost to the letter -- oh,
20 Prakruti Foods has turned over everything it has -- I can go
21 through these letters. My law clerk -- 40 pages, these
22 letters. **We turned over everything. Oh wait no, there's**
23 **this; oh wait no, there's this.**
24 **That's the problem here.** [emphasis added] The issue is normally
25 attorneys, we are a self-policing profession. You're supposed

Spoliation Hearing, ECF Doc. 217: 26

1  to be able to rely on what your adversary says. The problem
2  is every time they -- Sabinsa does that, it's not the whole
3  story and it comes with an explanation -- very logical,
4  understandable, but it's an explanation about why the last
5  information wasn't accurate, right?
6  I have to say, I'm not -- **I don't know that it's**
7  **counsel in this case but it absolutely has to be the client**
8  **and perhaps the communication with counsel and client because**
9  **of the continuous path of finding more information after**
10 **there's a representation that we've turned over everything we**
11 **had.** [emphasis added]
12 We need to get this case to Judge Kugler. We need
13 to get it there and that's what I want to hear about. I
14 understand Vijay held these position -- or Shetty's position.
15 But then we get the documents anyway. **But now we don't know**
16 **what we have because there's no one who can say what the**
17 **search was, what search was done, so we're not getting to**
18 **answers.** [emphasis added]
19 I want answers and solutions to move this case to

```
20 Judge Kugler. That's what I want.
```

Also in the Spoliation Hearing, Magistrate Judge Williams is told she currently has evidence in front of her of a Prakruti sample withheld from production for a long period of time. She listens to an argument from Sabinsa's attorney about the lack of diligence in producing the requested information .

Spoliation Hearing, ECF Doc. 217: 44 - Sabinsa's attorney
```
18 So we [Sabinsa] asked them [Prakruti] at Exhibit 14, what happened
to the
19 missing samples. There were so many missing we -- we really
20 thought it was unrealistic that so many could have been
21 destroyed or not retained.
22 And then at Exhibit 15, Prakruti's current counsel
23 replied stating that "Prakruti is not withholding any samples,
24 expired or otherwise."
25 This representation of course was false, [emphasis added] not only
```

Spoliation Hearing, ECF Doc.217: 45- Sabinsa's attorney
```
1 because of the samples that were sitting in Mr. Batzer's
2 office, not only because of the samples that were sent to
3 Eurofins and were then destroyed but also, Your Honor, because
4 of the sample that's on your table. That sample right there
5 was not identified until much, much later and this was not
6 sitting in Mr. Batzer's office [previous Prakruti counsel].
[emphasis added]
```

Spoliation Hearing, ECF Doc. 217: 80: Sabinsa's attorney:
```
2 Now, he[current Prakruti counsel] does admit that that last one
there in the
3 first set of missing samples, that was destroyed by Dr. Shiv
4 in India [emphasis added]. Paragraph 13 of his declaration at ECF
195, he said
5 it was disposed of after the remaining samples that were in
6 India, despite the litigation hold letter [emphasis added], were
disposed of
7 after they were sent to Mr. Batzer in Chicago for testing.
8 So this is not one that was sitting in Mr. Batzer's
9 office and was inadvertently forgot about. This was one that
```

```
10 was destroyed back in India after one of the pouches was sent
11 to Chicago. [emphasis added]
12 As far as bad faith, I mean, the only excuses that
13 Prakruti has offered are those for the current counsel over
14 here -- you know, the -- the flu, the ice storm, the Fed Ex,
15 the children being sick -- everything has to do with an excuse
16 for the current counsel.
17 None of that provides an explanation for what prior
18 counsel failed to do and none of that provides an adequate
19 explanation for what Prakruti itself as a corporation decided
20 not to do here [emphasis added] and the corporation can't forget
something.
21 The corporation is a corporation and it has an
22 obligation to conduct a reasonable investigation to determine
23 its knowledge. It's not just whether Dr. Shiv forgot or not,
24 it's whether there was a reasonable inquiry [emphasis added]...
```

On 17 December 2018, three months later after the Spoliation Hearing, Magistrate Judge Williams detailed in her Order (ECF Doc. 220) the facts she relied on to support her inference that Prakruti was liable for spoliation . Her detailing continues for fifteen pages and categorizes the facts into two sections:  pp. 5 to 15:  Prakruti's False Statements Regarding Product Samples and the Subsequent Destruction and Expiration of the Samples; pp.15 to 20: Prakruti Withheld Evidence and Disregarded the Court's Order.

In her Order, Magistrate Judge Williams relies on Sabinsa's submissions to be sure, but she also relies on several of Prakruti submission s as well.  These include the 15 December 2017 Declaration of H.N. Shivaprasad, Ph.D., Prakruti's Director of Technical and Marketing (ECF Doc. 142-12: 2 ¶¶ 9-10), who averred, after the Re-opening Order, that Prakruti had instituted a litigation hold of eleven batches of samples within its possession . Dr. Shivaprasad also identified where and when these samples had been eventually re-located, some to the previous attorney's offices and/or some to a testing facility.  ECF Doc. 220: 5-6.  He further averred that none of these samples had not been disposed of nor affirmatively destroyed. ECF Doc. 142-12: 2 ¶¶ 11-12.  Yet, some of the samples sent to the previous attorney's office were forgotten about or held out as "attorney work product" and not to be disclosed.  ECF Doc. 220: 13 *citing* Prakruti Email 2 Mar 2018 (ECF Doc. 142-6). Eventually, some of these samples were produced, but one was destroyed by the testing facility.  ECF Doc. 220: 14.. Nonetheless, all of these samples had been averred as subject to the litigation hold but either had not been tracked diligently nor preserved.  ECF Doc.220: 15.

There are other Prakruti submissions besides these to which Magistrate Judge Williams cites.  For example, Magistrate Judge Williams also considered other statements from Prakruti's previous counsel  and from its current counsel, which asserted confusing representations from Prakruti:  to wit , all responsive, non-expired samples would be produced except. But,  expired samples, even if possibly responsive, would not be produced but nonetheless identified to Sabinsa.   ECF Doc 220:29.  However,  the  missing samples were not identified until much later and after they had expired.  ECF Doc. 220: 15.

She also considered several letters submitted by Prakruti's current counsel throughout the fall of 2017 and which represented that Prakruti had fully and completely responded to Sabinsa's interrogatories and discovery requests.  *See e.g.* ECF Doc. 220 at 10 *citing* Prakruti Letter, 3 Nov 2017 [ECF Doc. 142-10: 1); Prakruti Letter, 14 Nov 2017 (ECF Doc. 107: 4); and Prakruti Letter, 4 Dec 2017 Letter (ECF Doc. 118: 4).   These letters were some of the documents she had referred to in the Discovery and Spoliation Transcripts above that sparked her statements that every time Prakruti sent a letter asserting complete production, Sabinsa found that wasn't the case.  *See* <u>Spoliation Hearing, at ECF Doc. 217: 25</u>**,** *supra.*

To summarize: Magistrate Judge Williams saw the following as evidence supporting her inference of spoliation.   Prakruti had produced some documents by the deadline of her discovery order—30 April 2018.  But, Prakruti had also asked for a month extension to complete its production.  ECF Doc. 220:18.  She also saw a second production of Prakruti Foods's documents after her discovery order resulted in Prakruti's current counsel admitting  he had searched neither additional custodians or any ESI created prior to December 5, 2014, as Sabinsa had requested, nor Prakruti Foods's actual computer system, which was the  presumed key to the infringement inquiry.  ECF Doc. 220: 19.  Further, she saw Prakruti's current counsel had admitted that document and ESI collection from Prakruti Foods had been outsourced and  **he did not know who had conducted the search or what collection methods  used**.  *Id.* Nonetheless, Prakruti's current counsel later asserted the searches for responsive documents of Prakruti Foods had been **"thorough"**.  And, **while not personally conducting** the ordered discovery search, **he had nonetheless given guidance to those that did**, including Prakruti.  *Id.*

Many of Prakruti's averments, which Magistrate Judge Williams found informative, she cited  from Sabinsa's Amended Proposed Findings of Fact and Conclusions of Law (ECF Doc. 210).  It seems that reliance on Sabinsa's Facts and Conclusions is  behind Prakruti's assertion the Order is clearly erroneous.  Prakruti's Motion implies, without stating directly, that Magistrate Judge Williams improperly considered the facts with a favorable bias towards Sabinsa, i.e., that she considered only Sabinsa's evidence in her Order.  Review of the transcripts from the Discovery Hearing and the Sanctions Hearings as well as her citations to

Prakruti's evidence in her Order show otherwise. As noted above, in the Hearings, Magistrate Judge Williams is consistent in displaying her fine-tuned understanding—developed over months of dealing with the parties' discovery disputes—that there appeared a repeated lack of diligence as well repeated misrepresentation in complying with her 19 April 2018 discovery order. At the Spoliation Hearing, Magistrate Judge Williams already appreciated that Prakruti had repeatedly stated that no responsive information was being withheld, only to find Sabinsa had repeatedly discovered that was not the case. Importantly, the information that was not forthcoming from Prakruti was NOT exculpatory of possible infringement. To the contrary. Such a situation is the very basis of the Third Circuit's rationale that spoliation exists. *See* note 6, *supra*.

Magistrate Judge Williams' findings—the repeated lack of diligence in discovery coupled with the repeated inaccurate assurances that all ordered documentation had been produced coupled with the obvious foot-dragging or obstruction in Prakruti Foods' discovery **coupled with her first-hand experience** of the discovery dispute—led her to infer intentionality behind the incomplete or delayed discovery. ECF Doc. 220: 28-33. Because of that intentionality inference, she inferred spoliation and remedied that with accompanying sanctions, and a forensic audit. *Id*. at 46.

Since Magistrate Judge Williams' inference of spoliation is NOT unsupported from the entirety of the evidence, she cannot have committed clear error in her Order. Therefore, this portion of the Motion appealing the Order (ECF Doc. 220) is DENIED.


**5.0 CONCLUSION**

For the reasons discussed above, Prakruti's composite motion (ECF Doc. 236) appealing the Order (ECF Doc. 220) and the Denial (ECF Doc. 235) is **DENIED.**


Dated: 30 March 2020                          /s Robert B. Kugler
                                              Robert B. Kugler
                                              United States District Judge