THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SABINSA CORPORATION, : | |
| Pl*aintiff*, : | |
| v. : | Civil Action No: 14-cv-04738 RBK-KMW |
| : | |
| HERBAKRAFT, INC., and : | **Opinion** |
| PRAKRUTI PRODUCTS PVT. LTD., : | |
| *Defendants*. : | |

KUGLER, United States District Judge:

Before the Court is a motion dated 7 June 2021 ["the Motion"] (ECF No. 266) brought by defendants ["Prakruti"] to appeal the Magistrate Judge's Order Awarding Attorneys' Fees (ECF No. 227) [" the Order"], which compensated the legal efforts of plaintiff ["Sabinsa"] expended to demonstrate to the Court evidence of spoliation.  *See* Order Granting Sanctions, dated 17 Dec 2018 (ECF No. 220) ["Sanctions Order"].

The Court finds Prakruti does not request specific relief but sets forth largely argument, to wit, that the Magistrate Judge misapplied Third Circuit precedent and abused the Magistrate's discretion by including certain of Sabinsa's time entries in the fee calculation.[1]  Prakruti raises these issues:

1)     The Magistrate Judge misapplied the current Third Circuit precedent of *Interfaith Cmty. Org. v. Honewell Intern, Inc.*, 426 F.3d 694, 705 (3d Cir. 2005) and should not have used a non-forum rate to calculate the fees of Sabinsa's attorneys, Arent Fox, in Washington,

---

[1] As used herein, the term "fee calculation" constitutes the total of all attorneys' fees and costs that the Magistrate Judge computed in the Order.

D.C.,[2] thus, the Arent Fox fees should be recalculated using the forum rate.

2)      The Magistrate Judge did not apply *Interfaith* properly to exclude the fees of Sabinsa's local counsel, Saiber, as duplicative of Arent Fox's fees, therefore, all of Saiber's time entries should be subtracted from the fee calculation;

3)      The Magistrate Judge accorded little or no weight to Prakruti's objections to certain time entries, which Prakruti argued were either unrelated to the scope of work, duplicative, or defined arbitrarily as sufficiently specific.  Consequently, these entries should be excluded from the fee calculation.

The Court decides the Motion upon the parties' submissions without oral argument. *L.Civ.R. 78.1.*

 For the reasons set forth below, the Motion is **GRANTED in part** and  **DENIED in part.**  An appropriate Order dated today accompanies.

**1.0     FACTS AND PROCEDURAL BACKGROUND**

This Opinion provides below only a sketch of the background in this matter and points to the Order's full and faithful recounting of the relevant facts.  *See* ECF No. 227: 2-6.

Suffice to say here, the parties entered a settlement agreement ["the Agreement"] to end  Prakruti's alleged infringement of Sabinsa's patent.  Shortly after, Sabinsa believed Prakruti was violating the Agreement, and thus infringing the patent, and sought to re-open the original patent infringement action Sabinsa had filed against Prakruti, which the Court did in June 2017.  What followed for several years was a contentious back and forth between the

---

[2] Prakruti asserts it agrees to the reasonableness of the rates submitted for Sabinsa's local counsel at the Saiber law firm.  ECF No. 266-1:2 (Prakruti's Brief Supporting the Motion) [hereinafter "Prakruti's Brief"].

parties to discover if, how, and to what extent Prakruti's sales and other business information demonstrated Prakruti's infringement.

During that contentious discovery process, the Magistrate Judge found that Prakruti, among other things, had withheld certain information from Sabinsa and also spoliated pertinent evidence. The Magistrate Judge sanctioned Prakruti with an adverse inference and found that Sabinsa's legal efforts to prove Prakruti's misconduct warranted an award of attorneys' fees and costs against Prakruti. Sabinsa submitted declarations from its counsel attesting to its fees and costs, to which Prakruti objected. On 21 May 2021, the Magistrate Judge issued the Order awarding to Sabinsa attorneys' fees in the amount of $991,624.70 and costs in the amount of $13,035.23.

On 7 Jun 2021, Prakruti timely filed its appeal (ECF No. 266) under Fed. R. Civ. P. 72(a) and Loc. Civ. R. 72.1(c)(1)(A). On 22 Jun 2021, Sabinsa timely filed its opposition (ECF No. 268), which was followed by Prakruti's timely reply on 29 Jun 2021. ECF No. 270.

2.0   Parties' Contentions
2.1   Prakruti
      2.1.1   Applied Wrong Legal Standard

Prakruti asserts the Order does not apply the Third Circuit's forum rate "rule" in *Interfaith Cmty. Org. v. Honewell Intern, Inc.*, 426 F.3d 694, 705 (3d Cir. 2005). The forum rate "rule" requires that a court calculate attorneys' fees according to the forum rate of the location of the court action, unless one of two exceptions applies.[3]

Prakruti argues the Magistrate Judge misapplied the *Interfaith* precedent by, absent a

---

[3] These exceptions are: whether there was a demonstrated need of special expertise of counsel from a distant district; and/or whether local counsel were unwilling to handle the matter. *Interfaith*, 426 F. 3d at 705-707.

showing of an *Interfaith* exception, awarding to Sabinsa's patent attorneys, Arent Fox, the non-forum rates of Washington, D.C. where they are located, instead of the required local forum rate of Camden, New Jersey.  Since the Washington D.C. rates of Arent Fox are higher than the local forum rate, Prakruti asserts the use of non-forum rate fees to compute the fee calculation is a misapplication of the law.

Prakruti also argues that, absent an *Interfaith* exception to the forum rate rule, there is no justification for adding the fees of Sabinsa's local counsel, Saiber, into the fee calculation. Since Sabinsa cannot show Saiber was unwilling to represent Sabinsa as patent counsel, the bi-partite calculation of fees based on two different rates--the non-forum rate of the Arent Fox patent litigators AND the forum rate of Saiber as local counsel--is contrary to a proper application of *Interfaith.*

### 2.1.2   Prakruti:  Abused Discretion: Wrongly Decided Fact Determinations

Prakruti posits that, not only were the Saiber fees duplicative of the Arent Fox fees, but that the Arent Fox fees should have been calculated at the Camden N.J. forum rate.  Prakruti therefore argues that the Magistrate Judge's fact-finding in terms of a bi-partite fee rate is an abuse of discretion, which was exacerbated by the Magistrate Judge's incorrect factual determination that Prakruti had not submitted sufficient evidence of the prevailing market rate.  Prakruti argues that not only did the Magistrate Judge incorrectly discount Prakruti's fee rate evidence but also improperly relied only on Sabinsa's fee rate evidence, which arose from fee calculations in two other patent infringement cases that Sabinsa had been a party to.[4]

---

[4] *Sabinsa Corp. v. Olive Lifesciences Pvt. Ltd.*, No. 16-cv-3321 (FLW),2018 U.S. Dist. LEXIS 93365 (D.N.J. 1 Jun 2018); *Sabinsa Corp. v. Olive Lifesciences Pvt. Ltd.*, No. 14-cv-4739-(JBS KMW) 2017 U.S. Dist. LEXIS 221107, (D.N.J. 28 Mar 2017).

Prakruti also argues the fee calculation methodology was arbitrary. The fee calculation included certain time entries the Magistrate Judge found sufficiently specific even though these entries were similar to others that had been found vague and therefore eliminated. Plus, Prakruti asserts the Magistrate Judge accorded no or little weight to Prakruti's objections to certain time entries that it argued were for work unrelated to the scope of the discovery work. This arbitrariness in identifying time entries is also an abuse of discretion.

2.2     Sabinsa

Sabinsa responds with a fair number of cases in this District and Circuit to support both the Magistrate Judge's fee calculation methodology and result, but noticeably absent is *Interfaith*. To be clear, Sabinsa seems to recognize in the later pages of its argument that *Interfaith* does carry precedential weight but does not acknowledge *Interfaith to be* the controlling Third Circuit precedent for this motion, and therefore does not squarely address Prakruti's arguments regarding the Order's non-application of *Interfaith*.

Sabinsa's main argument is, since Prakruti has mischaracterized this matter as a breach of contract case and not a patent infringement case, Prakruti misstates that Sabinsa's DC-based patent attorneys were unnecessary. Sabinsa's implicit argument, then, is that, since this matter concerns patent infringement, the services of Sabinsa's patent attorneys were essential to analyzing whether Prakuti's post-settlement sales and business info revealed infringement. Sabinsa asserts that the Magistrate Judge correctly found the Arent Fox (non-forum) fees defensible because several cases in this District had justified high hourly rates, that is, higher than the forum rates Saiber as local counsel had requested. Moreover, Sabinsa asserts that, since Prakruti failed to introduce its own evidence of forum rates, the Magistrate

Judge, relying on correct case law from this District, properly found the DC-based rates were reasonable.

Sabinsa also argues the award of Saiber's local counsel fees was not duplicative of Arent Fox's fees and therefore proper.  On the one hand, Sabinsa asserts it did demonstrate the first exception of *Interfaith* in that a level of patent expertise was required to determine Prakruti's infringement both from newly discovered information and Prakruti's discovery misconduct.  On the other hand, even if it cannot show an *Interfaith* exception, Sabinsa asserts other cases in this District have declined to apply *Interfaith*.  The essence of Sabinsa's argument, then, is that the Magistrate Judge found the work of Sabinsa's local counsel, Saiber, required, not unreasonably duplicative, and charged at a reasonable, local forum rate.

As for those certain time entries Prakruti alleges were included even though insufficiently detailed or related to the matter at hand, Sabinsa argues such fact-findings are reversible only if clearly erroneous or contrary to law and that Prakruti cites no case law so demonstrating.  Sabinsa concludes the Magistrate Judge's factfinding must be accorded wide discretion and the disputed time entries must remain part of the fee calculation.

**3.0     LEGAL STANDARDS**

In *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017), the Third Circuit recently re-iterated that a district court may refer a nondispositive, pre-trial motion to a magistrate judge "to hear and determine," under subparagraph (A) of 28 U.S.C § 636(b)(1)(A), which *Federal Rule of Civil Procedure 72(a)* ("Fed. R. Civ. P." or "Rule") echoes.  Once the magistrate judge issues an order on that motion, the parties have fourteen days to serve and file objections to it under Fed. R. Civ. P. 72(a).

A party's timely appeal invokes the district court's consideration of the order to modify or set aside any part of it, but only if it is clearly erroneous or contrary to law. *28 U.S.C.§ 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c) (1)(A); Cardona v. General Motors Corp.*, 942 F.Supp. 968, 970 (D.N.J. 1996) [*citing United Steelworkers of America v. New Jersey Zinc*, 828 F.2d 1001 (3d Cir.1987)].[5] A magistrate judge's findings appealed as contrary to law are reviewed *de novo* and an appeal of his/her fact-findings invokes a clearly erroneous standard. *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992); *Lo Bosco v. Kure Engineering Ltd.*, 891 F.Supp. 1035, 1037 (D.N.J.1995). In an appeal of a magistrate judge's order, the appellant bears the burden of showing the magistrate judge's legal decision and/or fact-finding meets the standard for reversal. *Exxon Corp. v. Halcon Shipping Co.*, 156 F.R.D. 589, 591 (D.N.J. 1994).

The "contrary to law" standard entails a *de novo* review whether the magistrate judge's ruling "misinterpreted or misapplied applicable law." *Doe v. Hartford Life Acc. Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J.2006); *see also Marks v. Struble*, 347 F.Supp.2d 136, 149 (D.N.J. 2004) [*concluding* the magistrate misapplied the law].

The "clear error" standard is invoked when the district court reviews a Magistrate Judge's fact determination and is left "with the definite and firm conviction that a mistake has been committed", even if there is evidence to support the fact-finding. *LoBosco, 891 F.Supp. at 1037* [*quoting United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)]. In interpreting this standard, the Third Circuit has declared a reviewing court

---

[5] For appeal purposes, the Third Circuit has held that the only avenue for appeal of a magistrate judge's non-dispositive, pre-trial order is through district court review. And only after that may the district court's decision over the magistrate's order be appealed up. *Siers v. Morash*, 700 F.2d 113, 116 (3d Cir. 1983). However, if a magistrate judge's determination of a non-dispositive, pre-trial matter is not timely appealed to a district court, it is considered "final", but nonetheless remains non-appealable to a Circuit Court. *Siers v. Morash*, 700 F.2d at 114 [*citing Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976)].

must accept the factual determination of the fact-finder unless the determination is either (1) "completely devoid of minimum evidentiary support displaying some hue of credibility" or "(2) bears no rational relationship to the supportive evidentiary data." *Celgene Corp. v. Natco Pharma Ltd.*, No. 10-5197, 2015 WL 4138982, at *2 (D.N.J. 9 Jul 2017) [*citing Haines,* 975 F.2d at 92 (3d Cir.1992) *quoting Krasnov v. Dinan,* 465 F.2d 1298, 1302 (3d Cir.1972)].

Disagreement with the magistrate judge's fact finding is insufficient for reversal. In reviewing a magistrate judge's factual determinations, a district judge may not consider evidence not before the magistrate judge. *See Haines*, 975 F.2d at 91 (3d Cir. 1992) [the reviewing court is "not permitted to receive further evidence"]; *Andrews v. Goodyear Tire & Rubber Co.*, 191 F.R.D. 59, 68 (D.N.J. 2000) [an example of finding a magistrate judge's non-dispositive ruling clearly erroneous].

Additionally, when the appeal seeks a review of a fact determination wholly "within the purview of the magistrate judge, such as fact-finding in a discovery dispute, an even more deferential standard, the 'abuse of discretion' standard, must be applied." *Koninklijke Philips Elec. N.V. v. Hunt Control Sys., Inc.*, No. 11- 3684, 2014 WL 5798109, at *2 (D.N.J. 7 Nov 2014) [*citing Salamone v. Carter's Retail Inc.*, No. 09–5856, 2012 WL 821494, at *4 (D.N.J.9 Mar 2012)]. Because of the magistrate judge's full involvement with the facts and record of the case (*Depomed, Inc. v. Purdue Pharma L.P. et al.*, No. 13-571, 2016 WL 6089699, at *3 (D.N.J. 14 Oct 2016), his or her fact determinations are reversed only for abuse of discretion. *V. Mane Fils S.A., v. Int'l Flavors and Fragrances Inc.*, No. 06-2304, 2008 WL 4606313, at *3 (D.N.J. 16 Oct 2008) (Wolfson, DJ) [citations omitted]; and *Halsey v. Pfeiffer*, No. 09-1138, 2010 WL 3735702,

at *1 (D.N.J. 17 Sep 2010) [citation omitted].  *See generally*, Jay G. Safer, *Chapter 33: Magistrate Judges and Special Masters*, 4 BUSINESS AND COMMERCIAL LITIGATION IN FEDERAL COURTS § 33:14 (4th ed.  Nov 2019 Update), American Bar Association Section of Litigation, Robert L. Haig, Editor-in-Chief.  *See also Cooper Hospital/University Medical Center v. Sullivan,* 183 F.R.D. 119, 127 *(*D.N.J. 1998) (Kugler, MJ) [Abuse of discretion is expressly fitting when the magistrate has managed the case from the outset and developed a full knowledge of the issues. *Id.*].

An abuse of discretion occurs when a "material factor deserving significant weight is ignored, when an improper factor is relied upon, or when [only] all proper … factors are assessed, but the court makes a serious mistake in weighing them." *V. Mane Fils S.A.*, 2008 WL 4606313, at *3 (D.N.J. 16 Oct 2008) (Wolfson, DJ).

4.0     DISCUSSION
4.1     Application of Third Circuit Precedent

As stated above, a district court reviews *de novo* the legal standards the magistrate judge applied.   The Order states  its only legal issue was the reasonableness of the attorneys' fees and costs Sabinsa sought for recovery of its entitled outlay to detect Prakruti's breach of the Agreement.  ECF No. 227: 1.  While the Order recognized that *Interfaith* governs the burden of the requester, i.e., Sabinsa, to demonstrate the reasonableness of its requested fee, in the end the Order resolved reasonableness by focusing on Prakruti's burden to challenge the request with sufficient specificity.  *Id*. at 7:12-13.  However, while recognizing that Sabinsa's support for the reasonableness of its requested fee was "less than ideal" (*Id.*  at 13), the Order is silent as to  *Interfaith's* "rule" that the forum rate is the reasonable one unless the requester sufficiently proves at least one of the two named exceptions.  *See supra* footnote 3.  The Order

is also silent as to whether Sabinsa was required to evidence *Interfaith*'s exceptions.

The Magistrate Judge's ruling on the reasonableness of Sabinsa's requested fees lacked a consideration of *Interfaith* while relying on the declarations of Sabinsa's own counsel and the two District of New Jersey patent infringement cases in which Sabinsa was plaintiff.[6] Each of these had found the non-forum rates of DC-based Arent Fox, Sabinsa's patent infringement counsel, to be reasonable and awarded these rates to Sabinsa.

Thus, the Order relied on two cases in this District neither of which had executed an initial reasonableness review under *Interfaith*. Importantly, in neither of these did defendant Olive Lifesciences interject *Interfaith* as a defense to the reasonableness of Arent Fox's non-forum rate. Inasmuch as these cases served as templates for the Order's application of the legal concept of reasonable fee, the Order erred by not correctly applying *Interfaith*. .

In the final analysis, then, since the Order did not rely upon *Interfaith* as the prevailing precedent, Sabinsa had not been tasked to meet its legal burden under *Interfaith* and fully prove the reasonableness of its requested fees. Sabinsa showed neither that Arent Fox had special expertise as patent attorneys not available from local attorneys in this vicinage nor that Sabinsa was unable to get needed patent expertise from local firms. Had Sabinsa properly showed one of these exceptions, Arent Fox's non-forum fee rates would have properly been included in a reasonable fee calculation. But, as it is, the Order erred as to the reasonableness of Sabinsa's fee calculation because it sidestepped *Interfaith.*

Importantly, *Interfaith* remains the controlling precedent in this Circuit. In fact, the

---

[6] *See supra* footnote 4.

only case in this District that has "distinguished" *Interfaith* did so **not** on the fee reasonableness jurisprudence but on a Daubert issue, in particular, whether plaintiffs' experts had properly opined on environmental damage, which was the subject of that case[7].

Consequently, the Court holds, lacking a *bona fide Interfaith* exception, Sabinsa's fee calculation for Arent Fox's fees computed at a non-forum rate was contrary to *Interfaith*. On remand, if Sabinsa can properly demonstrate an *Interfaith* exception applies for using Arent Fox as its patent attorneys for the relevant discovery efforts, then inclusion of Arent Fox's non-forum rates may be deemed reasonable. If such exception cannot be shown, Arent Fox's fees must be recomputed at rates for forum patent litigators, evidence for which was not provided, requested, or considered in the Order. [8] And, for clarity, on remand, the analysis of an *Interfaith* exception is preliminary and requisite to any calculation of reasonable fee.

## 4.2  Abuse of Discretion regarding the General Inclusion of Saiber's Fees

Prakruti claims the Order's inclusion of Saiber's fees as local counsel to be improper because they were necessarily duplicative of Arent Fox's fees in view of the Magistrate Judge's non-application of *Interfaith*'s exceptions.

Prakruti's assertions rely on the assumption that charging the local rate for fees of a non-forum firm "reverts" the non-forum firm into a local firm, which renders the fees of local

---

[7] *Leese v. Lockheed Martin Corp.*, 11-cv-5091 (JBS/AMD), 2014 WL 392 5510 at *  (D.N.J. 12 Aug 2014)
[on a summary judgment motion pursuant to the federal Resource Conservation & Recovery Act ("RCRA"), Judge Simandle found "[h]ere, unlike in *Interfaith* or *Parker,* Plaintiffs do not have any evidence of actual harm or the testimony of qualified experts to opine that the levels of contamination are potentially harmful to health or the environment at these low concentrations" and that *Interfaith* stood for the proposition that such testimony of contamination was necessary to support summary judgment].
[8] Even though Prakruti agrees in its Brief that the forum rate of Saiber was reasonable, it may be  that Saiber was acting only as local counsel for Arent Fox and not as the patent litigation firm.  Therefore, Saiber's forum rates may not be entirely representative of this forum's rate for patent litigators.

counsel duplicative.  Consequently, Prakruti characterizes the Magistrate Judge's finding that Saiber's fees are not necessarily and inherently duplicative a mistake of law.

This characterization is incorrect in that Prakruti misreads *Interfaith*. *Interfaith* does not promulgate a mandatory prohibition against the engagement of local counsel when non-local counsel has also been retained.[9]  Rather, *Interfaith*'s holding has to do with what fee rate is used when non-local counsel is retained without the required showing or exceptional need for such counsel.  This holding does not demand that only one law firm, whether local or non-local, may be retained and awarded fees.

In other words, the Court finds that calculating the reasonableness of local counsel's fees and adding these fees to a total fee calculation is NO mistake of law.  Put simply, **Saiber's engagement as local counsel when Arent Fox's engagement could not support an *Interfaith exception* does not, without on-point legal support, indicate that Saiber's fees were inherently duplicative.**

The Court holds that engagement of both local, i.e., forum, and non-forum counsel does NOT mean, in the absence of a proper *Interfaith* exception, that the time entries of the non-forum counsel and the forum counsel are automatically duplicative.   Given this holding then, the reasonableness of Saiber's cost calculation in the Order can be no mistake of law, but is a fact finding, reviewed as abuse of discretion.

As set forth above, the elevated standard of abuse of discretion applies to a magistrate judge's fact findings in discovery matters.  The key is whether the magistrate judge made a

---

[9] Prakruti in its Brief (ECF No. 266-1: 1 fn. 2) cites to *Interfaith*, 426 F.3d at 710 for support of its assumption that only local counsel may be engaged when the *Interfaith* exceptions are unjustified.   The Court finds nothing on this page or throughout *Interfaith* to support Prakruti's assumption.

serious error when weighing all factors, both proper and improper.  Serious error is analyzed *in toto* and on balance, and specifically means ignoring or critically underestimating a material factor of significant weight or basing a fact finding on only an improper factor.

Although the time entries of Arent Fox as Sabinsa's non-forum counsel cannot be computed with non-forum rates, we hold nonetheless they must be considered in the cost calculation.  Amending the fee calculation to apply the forum rate to Arent Fox's time entries alters neither the reality nor the characterization of its legal efforts, which were for expertise in patent litigation.   Accordingly, patent litigation rates of this forum should apply to Arent Fox's costs.

Likewise, re-calculating the Arent Fox fees alters neither the reality nor the characterization of Saiber's legal efforts, which were for local counsel work Arent Fox did not and could not do.   Thus, forum rates should apply to Saiber's efforts as local counsel.

Prakruti argues Sabinsa should not have relied on Arent Fox as their patent litigation firm because Saiber can do and has done patent litigation work. This argument tries to insert wrongly an *Interfaith* exception into the practical reality of litigation:  that a party may choose its legal counsel.  *Interfaith* does not concern **whether** to engage non-forum expert counsel alongside forum local counsel to achieve a litigation or discovery goal.   Its forum rate "rule" speaks only to the reasonableness of the fee of an unexcepted non-forum counsel.

By way of deeper clarification, *Interfaith* directs the manner of fee calculation of a non-forum's efforts **AFTER** the party has engaged them, paid for them, and achieved a certain result.  *Interfaith* does not limit a party's choice of counsel, local or not, but concerns only how

that party can get reimbursed for fees it has already incurred and which its opponent has been ordered to pay.

This Court finds that, when unexcepted non-forum counsel is used, that firm's reasonable fee can be calculated only at the forum rate. And, if local counsel efforts are required, then calculating the reasonableness of the requested fee means summing the non-duplicative fees of both forum and non-forum firms using the forum rate for both. The manner of achieving a litigation goal, that is, having to pay for relevant efforts of non-forum patent counsel and forum local counsel, is not an issue resolved by *Interfaith*.

Accordingly, the Court finds that Saiber's legal efforts were not automatically duplicative of Arent Fox's, and that it was no mistake of law nor abuse of discretion for the Magistrate Judge to review Saiber's fee entries for relevance, actual legal effort, and any specific duplicative effort and compute these into the fee calculation. The Court finds that the Magistrate Judge reviewed with diligence Saiber's time entries in order to precisely avoid the unnecessary doubling up of charging Prakruti for the same work done by the two law firms for the same legal task.

### 4.3   Abuse of Discretion Regarding Vague or Unnecessarily Duplicative Time Entries

As for the reasonableness of including certain of Sabinsa's time entries—whether Arent Fox's or Saiber's—which Prakruti argues were arbitrarily decided as not vague or sufficiently substantiated, the Court finds the Magistrate Judge performed a line-by-line review of the billing records of both law firms' records (Order, ECF No. 227:15), which was done with diligence in considering multiple factors before finding a time entry to be reasonable. In this

diligence, the Magistrate Judge considered each of Prakruti's objections as well as exercised the following:

1) a review of each firm's fee entries for relevance, that is, to ensure the entry was relevant to a kind of legal work expended only because of Prakruti's discovery misconduct and allowed by the spoliation order;

2) the removal from the fee calculation of objected-to, irrelevant entries, such as clerical efforts, but delimiting these from paralegal efforts, which were legal and relevant in nature. *Id*. at 18-19;

3) an analysis of those Saiber's entries marked "CC" meaning "Conferences with the Court regarding the Prakruti entities' discovery misconduct" and a finding that a significant number of them fell outside the scope of the Order Granting Sanctions. *Id.* at 25-28;

4) consideration in detail of Prakruti's objection of certain time entries as too vague and/or unrelated to the scope of work for Prakruti's discovery misconduct (*Id.* at 20-23);

5) reliance on proper legal jurisprudence[10] to find that Prakruti's objections about these entries were conclusory because, while Prakruti claimed these entries were vague, it also claimed they were unrelated to the scope of work, which meant these entries had to be sufficiently detailed to demonstrate irrelevance.

6) consideration that Prakruti had not submitted its own affidavits or other evidence to support its suppositions that the entries were irrelevant to the discovery misconduct (*Id*. at 23) and the

---

[10] Including *Eleven Vehicles* cited in the previous footnote and *Bell v. United Princeton Properties, Inc.*, 844 F.2d 713, 720 (3d Cir. 1989)

consequent finding that Prakruti's objections themselves were not specific enough but rather constituted generalized labelling.

Upon reviewing the Order and the parties' submissions, the Court finds the Court exercised diligence in considering the objections of both parties. Specifically, the Order (ECF No. 227:16) addresses directly Prakruti's objection that many of Sabinsa's entries appear vague and/or irrelevant and excluded them from the lodestar.

Ultimately, whether an abuse of discretion arose because the Magistrate Judge included arbitrarily relevant time entries into the fee calculation depends on the Magistrate Judge's well-thought-out reliance on proper factors, not on a party's burden for explicating its time entries or the opposing party's objections to them. The standard is whether the Magistrate Judge decided the fee calculation relying on proper factors and a proper balancing.

The Magistrate Judge looked at all the facts, the exhibits, the individual time entries as well as the total listings of entries, which together created a totality of information that was sifted through carefully in response to both Sabinsa's admittedly limited arguments and Prakruti's sweeping objections.

Accordingly, the Court denies Prakruti's appeal of the Order with regard to those certain of Sabinsa's entries that Prakruti labels as vague and/or unnecessarily duplicative.

## 5.0   CONCLUSION

The Court **GRANTS** Prakruti's motion **in part as to the time entries of Arent Fox**. Accordingly, the Court remands the time entries of Arent Fox to the Magistrate Judge for re-computation of them using the specific, relevant **forum** rate for the legal skill level with which

the entry was executed, unless an *Interfaith* exception is demonstrated. This means that the proper forum rate for the patent litigation expertise expended by Arent Fox must be first established.   Also, once the fees for Arent Fox's time entries have been re-computed, the Magistrate Judge shall adjust the fee calculation accordingly, if necessary.

The Court **DENIES** Prakruti's motion **as to inherent duplicativeness of the time entries of Saiber**, Sabinsa's local counsel, and orders the fees for these entries remain unchanged from the Magistrate Judge's fee calculation.

The Court also **DENIES** Prakruti's motion **as to its objections that certain, other time entries were vague, irrelevant, or unnecessarily duplicative** and orders the fees for these objected-to entries remain unchanged from the Magistrate Judge's fee calculation.

Date:  22 Nov 2021                                                     s/ Robert B. Kugler
                                                                                            ROBERT B. KUGLER
                                                                                            United States District Judge