THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____:
SABINSA CORPORATION,                   :
                Pl*aintiff*,   :   Civil Action No: 14-cv-04738 RBK-SAK
    v.                             :
                             :   **Memorandum Opinion and Order re**
                             :   Lattimore Letter Request to Withdraw
                             :   as Prakruti Local Counsel
PRAKRUTI PRODUCTS PVT. LTD.,           :
                *Defendants*.  :
_____:

**KUGLER, United States District Judge:**

       **THIS MATTER COMES BEFORE THE COURT** upon the letter request dated 22 August 2023 (Doc. No. 347) of Jason B. Lattimore, Esq, and the Law Office of Jason B. Lattimore, Esq. LLC ("Lattimore"), which seek leave to withdraw as local counsel to defendant, Prakruti Products Pvt. Ltd. ("Prakruti");

       **LATTIMORE ATTESTING** in ECF Doc. 347 that plaintiff Sabinsa Corporation ("Sabinsa") has no objection to the withdrawal, and

       **THE COURT HAVING CONSIDERED** the reasons for the request discussed below and L. Civ. R. 102.1;

       and pursuant to Fed. R. Civ. P. 78, L. Civ. R. 78.1 **DECIDING THE REQUEST** without a hearing; **IT IS ORDERED:** Lattimore's Letter Request to withdraw as local counsel to Prakruti is **GRANTED**.

**DISCUSSION**

       Discussing the legal background of this matter is unnecessary to this request and therefore not provided here. To grant this request, the Court has looked to both L. Civ. R. 102.1--which requires leave of court for withdrawal of counsel unless other counsel is substituted--as well as to its articulated reliance on the New Jersey Rules of Professional Conduct ("RPC"). In deciding whether to permit an attorney to withdraw, the Court should consider:

1) the reasons why withdrawal is sought;

2) the prejudice withdrawal may cause to other litigants,

3) the harm withdrawal might cause to the administration of justice, and

4) the degree to which withdrawal will delay the resolution of the case. Rusinow v. Kamara, 920 F. Supp. 69, 71 (D.N.J. 1996). Ultimately, a decision on attorney withdrawal is within the Court's discretion. *Ibid*.

       In *Delso v. Trustees for Ret. Plan for Hourly Employees of Merck & Co., Inc.*, C.A. No. 04-3009

(AET), 2007 WL 766349, at *5 (D.N.J. 6 March 2007), this Court stated that "[w]hen interpreting the RPC, the Court looks to New Jersey's state courts' interpretation of the RPC as primary authority and modifies it when required by federal law." In particular:

RPC 1.16(b)(5) provides a lawyer may withdraw from representing a client if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled."

RPC 1.16(b)(6) provides that a lawyer may withdraw if the representation "has been rendered unreasonably difficult by the client."

RPC 1.16 (b)(7) provides that a lawyer may withdraw for "other good cause."

Lattimore's letter request states "good cause" reasons for the withdrawal:

At the end of July 2023, Davidson, Berquist, Jackson & Gowley ["DBJG"], Prakruti's primary counsel, terminated the engagement agreement by which Lattimore served as local counsel for Prakruti. Lattimore's request for payment of its services to DBJG for Prakruti in this matter prompted the termination. Lattimore had submitted invoices to DBJG to which DBJG responded that Lattimore would be paid when Prakruti had paid its outstanding bill to DBJG. Upon Lattimore's reply that the DBJG engagement agreement did not depend on Prakruti's performance to DBJG, on 2 Aug 2023, DBJG terminated the engagement agreement without compensating Lattimore.

Owing to a previous dispute on or about May 2023 between Prakruti and its counsel--DBJG and Mr. Lattimore-- Prakruti appears not to have paid DBJG for legal services previously provided (*see* ECF Doc. 326, 330, 332, and 336). Lattimore's being let go as local counsel points to unlikely payment of its outstanding invoices and that Lattimore has no place to go but to move on.[1] The Court finds Lattimore's letter request to give sufficient evidence of "good cause" for withdrawal under RPC 1.16(b)(7).

Lattimore also informs the Court that Mr. Gregory Kraus, a partner of DBJG, is already New Jersey counsel of record in this matter and that he has substantial patent litigation experience. The Court finds that Mr. Kraus already serves as substitute counsel and therefore satisfies L. Civ. R. 102.1.

Accordingly, since L. Civ. R. 102.1 and the NJ RPC are satisfied, the Court **GRANTS** Lattimore's request to withdraw as Prakruti's counsel.

Dated:  24 Aug 2023                                    s/ Robert B. Kugler
                                                       ROBERT B. KUGLER
                                                       United States District Judge

---

[1] The Court in no way opines here on whether Lattimore has an action against DBJG.