THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____ :
SABINSA CORPORATION,                         :
                         Pl*aintiff*,            :       Civil Action No: 14-cv-04738 RBK-SAK
     v.                                     :
                                                :       **Memorandum Opinion and Order re**
                                                :       **Letter Request of Gregory Krause, Esq.**
                                                :       **to Withdraw as Prakruti Local Counsel**
PRAKRUTI PRODUCTS PVT. LTD.,                 :
                        *Defendants*.           :
_____ :

**KUGLER**, United States District Judge:

    **THIS MATTER COMES BEFORE THE COURT** upon letter requests (Doc. Nos. 349, 355, 360) of Gregory A. Krauss, Esq. ["Krause"] seeking leave to withdraw as local counsel to defendant, Prakruti Products Pvt. Ltd. ("Prakruti");

    **KRAUSE ATTESTING** in these requests that his withdrawal is required under the New Jersey Rules of Professional Conduct ["RPC"], especially RPC 1.16(a)(3),[1] 1.16(b)(5)[2], 1.16(b)(6),[3] and 1.16(b)(7).[4]

    **THE COURT HAVING CONSIDERED** the reasons discussed below in light of *L. Civ. R. 102.1*; and

    **DECIDING THE REQUEST** without a hearing in accord with *Fed. R. Civ. P. 78* and *L. Civ. R. 78.1*;

**IT IS HEREBY ORDERED:** Krause's Requests to withdraw as local counsel to Prakruti are **GRANTED**; and

**IT IS FURTHER ORDERED**: Krause and his previous and/or current law firm to submit to Sabinsa within 21 calendar days after the filing date of this order the following information:

1) the routing number(s); (2) the account number(s); (3) the account name(s); and (4) any other bank information available from Prakruti's checks, money orders, or wiring information received to pay for

---

[1] A lawyer shall withdraw from the representation of a client if the lawyer is discharged.
[2] When a client has not engaged the lawyer formally when the lawyer moves to a new law firm.
[3] When the lawyer's representation has been rendered unreasonably difficult by the client.
[4] When other good cause exists for the withdrawal.

Prakruti's legal fees.

## DISCUSSION

Relating the legal background of this matter here is irrelevant to Mr. Krause's requests and therefore not provided here.  To grant the requests, the Court has looked to both *L. Civ. R. 102.1*--which requires leave of court for withdrawal of counsel unless other counsel is substituted--as well as to its articulated reliance on the New Jersey Rules of Professional Conduct ("RPC").  In deciding whether to permit an attorney to withdraw, the Court should consider:

1.0     the reasons why withdrawal is sought;
2.0     the prejudice withdrawal may cause to other litigants,
3.0     the harm withdrawal might cause to the administration of justice, and
4.0     the degree to which withdrawal will delay the resolution of the case.

*Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996).  Ultimately, a decision on attorney withdrawal is within the Court's discretion.  *Ibid*.

In *Delso v. Trustees for Ret. Plan for Hourly Employees of Merck & Co., Inc.*, C.A. No. 04-3009 (AET), 2007 WL 766349, (D.N.J. 6 March 2007), this Court has stated that "[w]hen interpreting the [New Jersey] RPC, the Court looks to New Jersey's state courts' interpretation of the RPC as primary authority and modifies it when required by federal law." *Id.* at *5.

The Court observes the relevant RPC sections are:

RPC 1.16(a)(3) provides that a lawyer may withdraw when the lawyer has been discharged.

RPC 1.16(b)(5) provides a lawyer may withdraw from representing a client if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled."

RPC 1.16(b)(6) provides that a lawyer may withdraw if the representation "has been rendered unreasonably difficult by the client."

RPC 1.16 (b)(7) provides that a lawyer may withdraw for "other good cause."

### 1.0     Reasons for the Withdrawal

Krause's letter requests as well as recent actions by Prakruti demonstrate that all four RPC provisions apply to this withdrawal request.  To wit:

- Krause has been effectively discharged by Prakruti both by virtue of Prakruti's refusal to pay Krause for past services and by virtue of Prakruti's recent attempt at *pro se* representation

>     before this Court;
> - Prakruti has not renewed its engagement of Krause when he moved recently to the RIMON law firm in Virginia;
> - Prakruti attempted to represent itself *pro se* before this Court by mailing to the Court a submission that purportedly responds to this Court's request to brief the reasonableness of the liquidated damages it owes Sabinsa. Doc. No. 352. Such submission is legally inappropriate for a business as this Court's accompanying order clarifies.
> - Krause finds Prakruti's attempt at *pro se* representation unreasonably difficult as Prakruti neither notified Krause of it nor allowed him to counsel on the propriety of it.

Further, this is the second time in recent months Prakruti has submitted a *pro se* communication to the Court, by which Prakruti also attempted to represent itself *pro se* and thereby execute an end run around its local counsel. *See* Doc. No. 325. Even though *L. Civ. R. 102.1* requires the substitution of counsel when a previous attorney withdraws, the Court recognizes that Prakruti's recent actions demonstrate an intent to end its engagement with Krause without formal termination notice as well as to avoid engaging new, local counsel.

In its accompanying order, the Court informs Prakruti of the U.S. Supreme Court's requirement that all businesses that are parties to actions before U.S. federal courts must be represented by local counsel and requires it to engage new counsel immediately.

The Court finds that Prakruti's actions *in toto* demonstrate "good cause" reasons for Krause's withdrawal and that Krause has demonstrated the NJ RPC support his withdrawal request.

### 2.0    Prejudice the Withdrawal May Cause to Sabinsa

The Court finds Krause's withdrawal will not prejudice Sabinsa primarily because Sabinsa has agreed to the withdrawal requests. *See e.g.* Doc. No. 354.

Nor will Krause's withdrawal prejudice Sabinsa if and when Prakruti engages new local counsel as required by U.S. jurisprudence or even if Prakruti chooses not to pay the Court-ordered liquidated damages amount because such client action is beyond a U.S. counsel's repair or refinement. Accordingly, prejudice to Sabinsa does not thwart Krause's withdrawal.

Notwithstanding this lack of prejudice, the Court acknowledges Sabinsa's response (Doc. No. 354) to Krause's second letter request. There Sabinsa requested that Prakruti's counsel identify the source of Prakruti's prior payments of legal fees. Specifically, Sabinsa seeks from Krause the (1) routing number(s); (2) the account number(s); (3) the account name(s); and (4) any other bank information

available from Prakruti's checks, money orders, or wiring information received to pay for Prakruti's legal fees.

The Court finds this request reasonable. The Court orders Krause and his previous law firm and/or current law firm to submit to Sabinsa's attorneys within 21 calendar days after the filing date of this order the requested items (1) through (4) above.

**3.0 & 4.0     The Harm Withdrawal Might Cause to Administration of Justice and Degree to Which Withdrawal Will Delay Resolution of the Case**

To reiterate, this matter is at its denouement. This Court has issued a default judgment against Prakruti for its breach of the parties' settlement agreement, with the only item remaining is its opinion on the amount of the damages. For this reason, Krause's withdrawal will neither delay resolution nor harm the administration of justice in this matter.

**Conclusion**

All of the Court's considerations weighing in favor of Krause's request to withdraw, the Court orders Gregory Krause, Esq. be withdrawn from this matter as Prakruti's local counsel. The Court also orders Krause and his former and/or current law firms to provide Sabinsa the information detailed herein regarding Prakruti's bank accounts from which Krause has been paid.

Dated: 8 Dec 2023                                               s/ Robert B. Kugler
                                                                The Honorable Robert B. Kugler
                                                                United States District Judge