THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____:
SABINSA CORPORATION,                         :
                          Pl*aintiff*,   :      Civil Action No: 14-cv-04738 RBK-SAK
        v.                                    :
                                    :      **Memorandum Opinion and Order**
                                    :      **Requiring Defendant**
PRAKRUTI PRODUCTS PVT. LTD.,    :      **to Engage Local Counsel and**
                     *Defendants*.   :      **to Cease Immediately All Attempts**
                                    :      **at Pro Se Representation**
_____:

**KUGLER, United States District Judge:**

      **THIS MATTER COMES BEFORE THE COURT** from defendant's, Prakruti Products Pvt. Ltd. ["Prakruti"], recent letter (Doc. No. 359), purporting to respond, but in a *pro se* manner, to this Court' order (Doc. No. 352) requiring the parties brief the reasonableness of the liquidated damages provision in their Settlement Agreement;

      **THE COURT ADHERING TO** the United States Supreme Court's jurisprudence demanding that all businesses, foreign or domestic, including corporations such as Prakruti, be represented before all U.S. federal courts by U.S. attorneys eligible to practice before the relevant court;

      **THE COURT ACKNOWLEDGING** that Gregory Krause, Esq. has sought to be formally withdrawn as local counsel to Prakruti (Doc. No. 360),

      **THE COURT GRANTING** Krause's request for withdrawal as local counsel to Prakruti in an accompanying order; AND

      **THE COURT OBSERVING** that no substitute, local counsel for Prakruti has made an appearance before this Court; and

      **IT IS HEREBY ORDERED:**

      This Court shall consider none of Prakruti's arguments, statements, questions in any *pro se* communication whatsoever from Prakruti, whether filed on ECF or sent directly to this Court, and shall disregard all such communications as if never received; and

      **IT IS FURTHER ORDERED:** Prakruti shall CEASE IMMEDIATELY sending any *pro se* communications to this Court or to the Clerk's Office of this or any other U.S. federal or state court, whether filed on ECF (Pacer), sent via email, post, or text.

**DISCUSSION**

Relating the legal background of this matter is unnecessary.  As for the relevant facts, it suffices to state Prakruti recently sent a *pro se* communication to this Court via mail.  It has been filed on ECF as Doc. No. 359 and purports to be a response to this Court's default judgment order (Doc. No. 352), which requested the parties to brief the reasonableness of the liquidated damages provision in their Settlement Agreement.  The parties' briefing was to guide the Court in its determination of the amount of liquidated damages Prakruti owes plaintiff Sabinsa for Prakruti's breach of the Settlement Agreement as decided in the default judgment order.

Not only was Prakruti's response several days late, but it is a legally inappropriate attempt to offer *pro se* arguments and facts, which, for that reason, can have no bearing on the Court-ordered response in Doc. No. 352.  In addition, the recent submission is the second such attempt by Prakruti to communicate *pro se* with the Court.  *See* Doc. No. 325.

To clarify Prakruti's requirements as a party in a federal action before a U.S. federal court, the Court outlines here why Prakruti must be represented by local counsel and why no *pro se* submissions are legally appropriate or considered.

In governing appearances in U.S. federal courts, such as this Court,  U.S. federal statute 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."   Importantly, the United States Supreme Court has interpreted that statute to provide "that a corporation may appear in the federal courts **only through licensed counsel**." [emphasis added] *Rowland v. Cal. Men's Colony,* 506 U.S. 194, 202, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993).  Further, the U.S. Supreme Court held that "the rationale for that rule applies equally to all artificial entities. Thus, save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 … **does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney**." *Id.* (citations omitted) [emphasis added].

All federal courts follow U.S. Supreme Court jurisprudence without exception.  Indeed, this Court in particular has expressly ruled on this issue in *Ross v. Panteris & Panteris, LLP,* No. 12-cv-6096 (FSH), 2013 WL 5739145 (D.N.J. 22 Oct 2013) to find that corporations and partnerships cannot appear before the District of New Jersey unless represented by a U.S. attorney licensed to practice before this Court.

**CONCLUSION**

Since, in an accompanying opinion, this Court has granted Gregory Krause's request to withdraw as local counsel to Prakruti for the reasons stated therein, and since no competent U.S. attorney has made an appearance as a substitute attorney before this Court, and since Prakruti is submitting legally inappropriate *pro se* communications , the Court finds that Prakruti is currently unrepresented by a U.S. attorney licensed to practice here.

Accordingly, the Court orders:

Prakruti to cease IMMEDIATELY from submitting anything to this Court in any form or format and via any communication means whatsoever.

To be clear, no *pro se* submission already made or attempted in the future by Prakruti shall be considered by this Court.

**So ordered this 8th day of December 2023**        s/ Robert B. Kugler
                                                              The Honorable Robert B. Kugler
                                                              United States District Judge